# Gavin, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Pedestrians—Crossing over tracks between crossings—Relative rights of railway company and pedestrians—Speed.*

1. A street railway company has the dominant right to the use of its tracks on a public highway.

2. A pedestrian cannot be held negligent, as a matter of law, in attempting to cross a street between the regular crossings, but in exercising his right he must have due regard to the conditions of the traffic before he enters on the cartway.

3. A motorman has the right to believe that, between crossings, pedestrians will recognize the superior right of travel of the railway car, and will not negligently attempt to cross in the path of a car in full view; but a motorman must not recklessly run down a pedestrian between crossings.

4. The speed of twenty miles an hour between crossings was held not excessive under the circumstances of this case.

Argued March 28, 1921. Appeal, No. 403, Jan. T., 1921, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 5737, refusing to take off nonsuit, in case of Elizabeth Gavin v. Philadelphia Rapid Transit Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*M. T. McManus,* for appellant, cited: Smyth v. Ry. Co., 263 Pa. 511; Knobeloch v. Ry. Co., 266 Pa. 140; Crooks v. Ry. Co., 216 Pa. 590.

*Wm. M. Stewart, Jr.,* for appellee, cited: Stern v. Reading, 255 Pa. 96; Reddington v. Phila., 253 Pa. 390; Smyth v. Ry. Co., 263 Pa. 511; Tozer v. Ry. Co., 45 Pa. Superior Ct. 417; Mulvaney v. Ry. Co., 213 Pa. 343; Wolf v. Transit Co., 252 Pa. 448; Griffith v. Transit Co., 267 Pa. 81.

OPINION BY MR. JUSTICE KEPHART, May 26, 1921:

Joseph Gavin was killed by a street car on Market Street, between Sixty-second and Sixty-third streets, at a place where there was no public crossing. There was no evidence of anything to obstruct the view of the approaching car. No negligent act of the company appeared other than the alleged unlawful speed of the car. The accident occurred between cross streets at eight o'clock in the evening.

The relative rights of the public and street railway companies as to the use of public highways have been frequently expressed. "The dominant right to the use of the tracks of a street railway company on a public highway is in the company; and that right must be conceded and deferred to by all the public who have the right to cross the tracks. When about to cross they must use ordinary prudence to ascertain whether the owner of the tracks is about to use them": McCracken v. Consolidated Traction Co., 201 Pa. 378; Winter v. Mahoning & Shenango Railway & Light Co., 61 Pa. Superior Ct. 440, 441. Vehicles and pedestrians at crossings must be highly vigilant to observe approaching danger, but a pedestrian is not restricted to the use of established street crossings when attempting to pass from one side of the street to the other. "He may cross at whatever point he elects": Anderson v. Wood, 264 Pa. 98, 100; Watts v. Borough of Plymouth, 255 Pa. 185, 188. A pedestrian cannot be held negligent by the court, as matter of law, when he attempts to cross a street between the regular crossings, but, he must have due regard to the conditions of the traffic before he commits himself to

the act of crossing. If he deliberately attempts to cross the street when vehicles are rapidly approaching, and injury results, ordinarily he will be chargeable with such carelessness as to prevent recovery of damages; but, having observed the traffic, as far enough away for a pedestrian, using due care, to deem it safe to cross, he is under no fixed duty to look back,—though the circumstances may be such that, in the exercise of due care, it would become his duty to so look and it would be negligence for him to disregard it: Anderson v. Wood, supra. The latter part of the rule certainly applies to a case of this character. A pedestrian, in crossing the tracks of a street railway which has the undoubted right to use the space set apart to it between crossings, must do so with due regard to these superior rights. While such right of travel exists, the railway's servants must be duly observant at crossings of those exercising a relatively equal lawful right, and, between crossings, must not recklessly run down pedestrians on the highway. Regarding the place and circumstances of this accident, it cannot be said, as matter of law, a speed of twenty miles an hour was either excessive or evidence of negligence; nor was there anything in the circumstances of decedent's death to charge defendant with negligent operation. The motorman had an undoubted right to believe that, between crossings, pedestrians would recognize the superior right of travel in the defendant's car. There was nothing to obscure the view of the on-coming car, and, when decedent walked toward the track, though in full view of the motorman, there was nothing in his conduct to indicate he would not yield the superior right of passage to the street car. Defendant was not bound to anticipate decedent would negligently attempt to cross in the path of the car. These carriers are fixed to a certain line of travel, and the exigencies of public convenience demand that certain time schedules be complied with; but, in so doing, they must be duly observant of objects which appear in the path of travel a sufficient length of

time to permit them to control their cars. However, they are not expected to anticipate the unexpected acts of persons not in the path of travel suddenly placing themselves there. The record shows no negligent act of defendant; nor does it present the case of a person using ordinary care in crossing the track of a street railway between intersecting streets.

Judgment affirmed.