## Willinsky *v.* Fulton, Appellant (No. 1).

*Negligence—Automobiles—Crossings—Running over pedestrian —Case for jury.*

Vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that on the shortest possible notice they can stop their cars so as to prevent danger to pedestrians.

In an action of trespass to recover damage for personal injuries, the case is for the jury and a verdict for the plaintiff will be sus-

tained, where there was evidence that the accident took place near the intersection of two city streets, and that the plaintiff was struck about ten (10) feet north of the crossing by the defendant's automobile, which had turned without warning on to the left-hand side of the street, and was proceeding at a rapid rate of speed, on a dark and rainy evening.

Argued May 1, 1922.   Appeals, Nos. 49 and 50, April T., 1922, by defendant, from judgment of C. P. Allegheny County, Jan. T., 1920, No. 1260, on verdict for plaintiffs, in the case of Albert Willinsky, Jr., by his father and next friend, Albert Willinsky, Sr., v. John H. Fulton.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Albert Willinsky, Jr., for $1,000, and for plaintiff, Albert Willinsky, Sr., $500 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Ralph C. Davis,* for appellant.

*Morris G. Levy,* of *Levy and Levy,* for appellee.

OPINION BY HENDERSON, J., July 13, 1922:

The plaintiff, a boy thirteen years of age, was struck by an automobile driven by a son of the defendant. The court submitted the question of negligence to the jury and subsequently refused to enter judgment for the defendant non obstante veredicto, and from that action the defendant appeals. Our inquiry is therefore whether there was any evidence tending to show negligence on the part of the driver of the automobile. The accident oc-

curred on Evaline Street in the City of Pittsburgh, near the intersection of that street with Penn Avenue. At about 7 o'clock in the evening of March 17, 1919, the plaintiff was going with another boy to a show at the corner of Evaline Street and Penn Avenue. The evening was dark; it was raining hard and there was some fog or mist. The evidence would support a finding that the boys came out of an alley from their homes to the sidewalk on the west side of Evaline Street and walked southwardly toward Penn Avenue. When at a place about ten feet north of the crossing the plaintiff started eastwardly toward the crossing in the direction of the theater which is located on the southeast corner of the streets mentioned. The automobile was proceeding westwardly along Penn Avenue and without warning by signal turned to the right onto Evaline Street and struck the plaintiff when he had advanced from the sidewalk on that street about five feet or about five paces, as the distance was variously stated, throwing him about twenty feet toward the east side of Evaline street. In making the turn the automobile did not enter Evaline Street on the right side of that street, but ran to the left side and thus caught the plaintiff in the turn. The evidence of the plaintiff does not disclose the speed of the car definitely although two of the witnesses stated that it was going "pretty fast." The plaintiff attempted to step back but the movement of the car was too quick to permit him to get out of the way. The driver did not see the boy until he was in front of the car. The clutch of the car was released according to the statement of the driver, and there was the evidence of an expert that in that condition it could be less easily controlled on a slippery road on a down grade, such as there was on this street. The evidence for the defense was to the effect that the collision occurred on Evaline Street 105 feet from the line of Penn Avenue and on the right side of the street along which the car was proceeding. The driver saw the boy when the latter was about six feet from the alley and, as

it is claimed by the defendant the accident occurred on the east side of Evaline Street, the plaintiff must have crossed the street from this point about six feet from the alley and have got in front of the right-hand lamp of the car when he was struck, for it was asserted by one of the defendant's witnesses that he was struck by that part of the car. This testimony is so inconsistent with that offered for the plaintiff that it raised a sharp contradiction, but it leaves room for the inference that if the car was under the control of the driver and going at the speed alleged, he might have stopped before the plaintiff passed in front of it. If the collision occurred as contended by the plaintiff, it is not important that it occurred at a place about ten feet north of the crossing, for the defendant's car had not cleared the crossing when the boy was struck, and the driver was bound to exercise the care which the law imposed on him in turning at right angles from the line of Penn Avenue on which he was traveling on to Evaline Street at a place where pedestrians were likely to be. There was no necessity for the driver to go over to the left curb near which the plaintiff alleges he was injured and the latter was not bound to anticipate such a movement especially if he had no warning. It does not appear that there was such a deviation from the crossing as would have been the cause of the accident. Under the circumstances the jury would not be bound to believe that if the plaintiff had been at or nearer the crossing, he would have been less in peril. If the driver had not a clear view of the space in which he was making the turn because of the heavy rain and mist or water on the wind shield, he was under the greater obligation to proceed with such care and with such control of the car that it could be stopped with sufficient promptness to avoid accident. The rule stated in Virgilio v. Walker & Brehm, 254 Pa. 241, has been approved in later cases; "vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigi-

lant and maintain such control that on the shortest possible notice they can stop their cars so as to prevent danger to pedestrians." Perhaps the latest authority on this subject is Kauffman Rosenthal v. The Philadelphia Phonograph Co., in which an opinion by Justice SADLER was filed in the Supreme Court April 24, 1922. The plaintiff's evidence would show that the car ran nearly to Dearborn Street, about 200 feet distant, before it was stopped, and this would give room for an inference on the subject of speed. The question of the plaintiff's contributory negligence was submitted to the jury under proper instructions and that was a question for the jury regard being had to the age of the plaintiff. The duty was imposed on the jury of reconciling the contradictory evidence or crediting that which seemed the most credible and we see no sufficient reason for reversing the conclusion of the court that the testimony presented a question of negligence.

The judgment is affirmed.