# Curtin et al., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways — Crossings — Pedestrian — Contributory negligence.*

1. Where a pedestrian enters on the track of a street railway company, without, at the time, looking to see whether or not a car is approaching and is injured, she is guilty of contributory negligence, and cannot recover damages from the railway company for her injuries.

Submitted May 3, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 379 and 380, Jan. T., 1925, by plaintiffs, from order of C. P. No. 2, Phila. Co., March T., 1922, No. 5946, refusing to take off nonsuit, in case of Mary A. Curtin, by her father and next friend Martin Curtin, and Martin Curtin, in his own right, v. Philadelphia Rapid Transit Co. Affirmed.

Trespass for personal injuries. Before STERN, P. J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiffs appealed.

*Error assigned* was, order, quoting record.

*John Martin Doyle* and *Eugene Raymond,* for appellants.

*David I. Scanlon,* for appellee.

PER CURIAM, May 26, 1926:

Mary A. Curtin, a minor, and Martin Curtin, her father, sued to recover damages for injury to the daughter through the alleged negligence of defendant. The court below granted a compulsory nonsuit, which it subsequently refused to take off. Plaintiffs appealed.

The injured plaintiff was struck by a trolley car of defendant company, on a stormy morning, when crossing Eighth Street, at Chestnut, Philadelphia. Plaintiff saw the car standing on the opposite side of Chestnut Street as she was about to leave the curb of Eighth, but did not look thereafter, and was struck just as she had cleared the second rail of the track. The police officer on duty at the corner blew his whistle when he gave the signal for traffic to proceed on Eighth Street,—the time when the car was put in motion,—and the motorman was ringing his bell as he crossed Chestnut Street. One of plaintiff's witnesses testified that the car was only six or eight feet from the girl when she stepped across the first rail of the track. Thus we have a case where

plaintiff entered on the track without, at that time, looking to see whether or not a car was approaching; this was contributory negligence: Timler v. Phila. Rapid Tr. Co., 214 Pa. 475, 477; Patton v. George, 284 Pa. 342, 344.

The judgment is affirmed.