# Watson *v.* Lit Brothers, Appellant.

*Negligence—Automobiles—Pedestrian—Crossing street at point not an intersection crossing—Contributory negligence—Duty of court to declare.*

1. One who voluntarily attempts to pass in front of an approaching vehicle, when it is dangerously near, assumes the risk.

2. A driver of an automobile is not bound to anticipate the unexpected acts of persons not in the path of travel suddenly placing themselves there.

3. No recovery can be had for the death of a pedestrian struck in the daylight by a truck at a point in a street where there was no intersection crossing, if it appears that the truck moving slowly was not more than five or ten feet away when the deceased started to cross, that although street cars stopped at the point of the accident, no car was there at the time, and the driver of the truck was unaware of such practice.

4. That the truck stopped within a few feet shows that it was not going at a rapid rate.

5. In such case, the rule requiring perfect control and ability to stop at the shortest possible notice at street intersections, has no application.

6. What the proven facts show a pedestrian must have seen had he looked, the court is bound to declare.

Argued November 30, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 250, Jan. T., 1926, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1924, No. 12845, on verdict for plaintiff, in case of Edna Watson v. Lit Brothers. Reversed.

Trespass for death of plaintiff's husband. Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Ralph B. Evans,* for appellant.—There was no evidence to warrant an inference of negligence on part of defendant.

Decedent was guilty of contributory negligence: Harris v. Ice Co., 153 Pa. 278; Weaver v. Pickering, 279 Pa. 214; Grein v. Gordon, 280 Pa. 576.

*C. Brewster Rhoads,* with him *Roberts & Montgomery,* for appellee.—The trial judge properly submitted to the jury questions of defendant's negligence and decedent's contributory negligence under a charge which contained no error: Smith v. Steel Car Co., 262 Pa. 550; Thomas v. R. R., 275 Pa. 579; Mountain v. Am. W. G. Co., 263 Pa. 181; McMonagle v. Simpers, 267 Pa. 117; Lorah v. Rinehart, 243 Pa. 231; Smoker v. Locomotive Works, 261 Pa. 341; Twinn v. Noble, 270 Pa. 500; Silberstein v. Showell, Fryer & Co., 267 Pa. 298; Gray v. Fox, 69 Pa. Superior Ct. 218; Gilles v. Leas, 282 Pa. 318; Willinsky v. Fulton, 79 Pa. Superior Ct. 144; Mooney v. Kinder, 271 Pa. 485; Virgilio v. Walker, 254 Pa. 241; Eckert v. Shipbuilding Corp., 280 Pa. 340; Kennelly v. Waropoyak, 266 Pa. 94; Cubitt v. R. R., 278 Pa. 366; McAvoy v. Kromer, 277 Pa. 196.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

Gray's Ferry Bridge extends in an easterly and westerly direction over the Schuylkill River in Philadelphia. The bridge is of the width of sixty feet, with a thirty-six foot paved cartway in the center. A double track street railway occupies some fourteen feet of the center of the cartway, leaving a space of about eleven feet on each side. On the west bank of the river, tracks of the Pennsylvania Railroad pass under the bridge; on the south side of the latter a stairway leads up from the railroad. Westbound street cars stop opposite the stairway to re-

ceive and discharge passengers. About four o'clock on the afternoon of November 15, 1924, plaintiff's husband, Wilbert Watson, a railroad brakeman, came up the stairs intending to take a westbound street car. This necessitated his crossing the eastbound cartway, and while attempting to do so, he was struck and killed by one of defendant's auto delivery trucks. This suit, brought by the widow, on account thereof, resulted in a verdict and judgment in her favor and defendant has appealed.

The record discloses no facts to warrant a recovery. The trial judge erred in treating the case as an accident at a street intersection; in fact, there was no street intersection or public crossing there. True, westbound street cars stopped there, as above stated, but no street car was standing there at the time in question, and no one was in the cartway as defendant's truck approached. Deplorable as the accident was, its occurrence did not prove negligence (Gilles v. Leas, 282 Pa. 318), and there was no sufficient evidence to fasten blame upon the truck driver. He was on an open street, far away from an intersection. It was daylight, although rainy, and while people sometimes walked across there in going to or from the street car, it was not shown that the driver knew of such practice or anticipated that it might be so used at this time. The case differs from Eckert v. Merchant's Ship Building Corporation, 280 Pa. 340, where the passageway had the attributes of a public crossing, with which the driver of the offending automobile was familiar. In the instant case, as there was no street car present, the rule as to the care required in passing a standing car has no application. Nothing was shown that required the driver to give advance warning of his approach. It would practically prevent the use of automobiles to require that they be driven at all times so they could be stopped instantly. The rule requiring perfect control and ability to stop at the shortest possible notice at street intersections (Rosenthal v. Phila. Phonograph

Co., 274 Pa. 236; Anderson v. Wood, 264 Pa. 98; Willinsky v. Fulton, 79 Pa. Superior Ct. 144) is not applicable here. Mr. Watson unfortunately stepped in front of the truck and was struck, but that it stopped within a few feet is corroborative of the undisputed evidence that it was not going over ten miles an hour. The driver's testimony that just before the accident his view was momentarily obscured by a cloud of smoke, arising from an engine passing underneath, was corroborated and may account for his failure to see Watson. But whether we credit the evidence for defendant or that for plaintiff, or all the evidence, there was not sufficient in the record to sustain the finding of the driver's negligence. The deceased came suddenly into the cartway when the truck was only five or ten feet away; it does not appear that the driver could then have avoided the accident. See Anderson v. Wood, supra; McAvoy v. Kromer et al., 277 Pa. 196, 199.

Mr. Watson had a right to cross the cartway, but before attempting to do so it was his duty to look for approaching traffic (Weaver v. Pickering, 279 Pa. 214), and he is presumed to have done so. This presumption, however, is rebutted by the fact that before he had gone over ten feet he was struck by a truck which was in plain sight and right at hand when he stepped in its path. What the proven facts show the deceased must have seen had he looked, the court is bound to declare: Cubitt v. New York Central R. R. Co., 278 Pa. 366; and see Luken v. Pennsylvania R. R., 267 Pa. 315. If Watson failed to look he was negligent; if he looked he saw the approaching truck and, in attempting to pass in front of it, was equally negligent. The deceased could not have been deceived by the speed of the truck, for it was moving slowly. It was in view for a block or more, was seen by others and could have been by him, for at most the smoke only obscured it for a moment, and plaintiff's witnesses deny the presence of any smoke. If the smoke was momentarily there, as

defendant contends, it would seem to relieve the truck driver of possible neglect in failing to see the deceased; but if there was no smoke, as plaintiff contends, it renders more manifest Watson's default in failing to observe the approaching truck, and in neither case can there be a recovery. The deceased knew in advance he was about to cross the eastbound cartway, but until he stepped therein the truck driver had no knowledge of such intention, so if the latter was at fault in failing to observe the former, he was more so in failing to observe the truck. Doubtless Watson was so preoccupied by his own objective that the on-coming truck escaped his notice. The street car, some distance away, was approaching from the east and in watching it, he failed to look to the west, before stepping in the path of eastbound traffic. No other reasonable conclusion can be drawn from the evidence. A pedestrian, however, who suddenly steps in front of a moving car is negligent: Grein et al. v. Gordon, 280 P. 576. Assuming, in spite of the uncontradicted evidence for plaintiff, that the truck was more than five or ten feet away when the deceased started across, it was in plain sight, barring the smoke to which we have referred, and so near it struck him before he cleared its path. He who voluntarily attempts to pass in front of an approaching vehicle, when it is dangerously near, assumes the risk. It must be kept in mind that the truck passing along the cartway was in view for a long distance, while the deceased was in the cartway only an instant before the accident. Furthermore, the driver is not bound to anticipate the unexpected acts of persons not in the path of travel suddenly placing themselves there: Gavin v. Phila. Rapid Transit Co., 271 Pa. 73, 76. Plaintiff was not entitled to recover under any aspect of the case.

The judgment is reversed and is here entered for the defendant non obstante veredicto.