## Gehringer et al., Appellants, *v.* Erie Railways Co.

Argued May 26, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Henry C. Baur*, with him *W. Louis Schlesinger*, for appellants.—The case was for the jury: Wagner v. Transit Co., 252 Pa. 354; Hoffman v. Traction Co., 230 Pa. 271; Citizens Pass. Ry. v. Foxley, 107 Pa. 537; McMahon v. T. & L. Co., 280 Pa. 199; Woomer v. Ry., 80 Pa. Superior Ct. 261; Cohen v. Transit Co., 87 Pa. Superior Ct. 273; Murphy v. Transit Co., 285 Pa. 399; Walsh v. Rys., 221 Pa. 463; Jones v. Ry., 9 Pa. Superior Ct. 65; Janock v. R. R., 252 Pa. 199; Toner v. R. R., 263 Pa. 438; Shafer v. Lacock, 168 Pa. 497; Hess v. Kemmerer, 65 Pa. Superior Ct. 247.

*Francis Quinn*, with him *Charles H. English*, of *English, Quinn, Leemhuis & Tayntor*, for appellees.—Nonsuit was properly entered: Virgilio v. Walker, 254 Pa. 245; Gavin v. Transit Co., 271 Pa. 73; Williams v. Traction Co., 275 Pa. 240; Walker v. Transit Co., 274 Pa. 121; Lukachyk v. George, 281 Pa. 403; Di Orio v. Transit Co., 260 Pa. 399; Lessig v. T. & L. Co., 270 Pa. 299; Ackerman v. Traction Co., 205 Pa. 477; Brown v. French, 104 Pa. 604; Floyd v. R. R., 162 Pa. 29; Wood v. Transit Co., 260 Pa. 481.

OPINION BY MR. JUSTICE SCHAFFER, June 21, 1930:

The injuries for which appellant seeks recovery in this action were sustained in a somewhat unusual way. The trial judge concluding that plaintiff had been contributorily negligent entered a compulsory nonsuit, which the court in banc declined to remove.

Appellant at the time of the accident, on October 5, 1925, was about twenty years of age. He and five com-

panions of about the same years had been lunching shortly before midnight at a restaurant on State Street, the principal highway of the City of Erie. It was a clear night. Two automobiles belonging to members of the party were parked on the opposite side of the street. Leaving the restaurant, plaintiff and his companions started from the west side of the highway on which there was much automobile traffic. Three of them by running reached the east side in safety. Plaintiff followed them, he says at a walk; the two others were behind him. The crossing was not made at the street corner but between intersections. Plaintiff testified that when he started to cross he looked to the north and saw the southbound street car (there were two lines in the street) starting up at the street intersection about 75 feet from him, that he looked but did not see the northbound car, just why is not apparent, as it must have been about the same distance away from him in the opposite direction. He had proceeded as far as the "dummy" between the two tracks when he was struck on the shoulder by the southbound car, knocked down and his foot caught under the wheel of the northbound one, which had reached the same point in the street, and so severely injured that it had to be amputated. He said that he was hit by the southbound car as soon as he was on the second rail and even then did not see the northbound car, although it is manifest it must have been almost opposite him, as his foot was caught by its front wheel. He testified that he did not see it until it was on his foot.

From these circumstances it is obvious that plaintiff heedlessly crossed this busy thoroughfare between intersections without observing his surroundings with any degree of care whatever. He must have stepped in front of the southbound car when it was almost upon him, as he was hit by it "just as soon as I was across the second rail." It ran only half a car length after it struck him and therefore could not have been going at high speed. It is claimed in plaintiff's behalf that the motorman was

not looking ahead just before the accident, that he was speaking to a passenger on the car. Had he been looking ahead, he could not have anticipated that plaintiff in the position where he was, not at a crossing, would have stepped in front of his moving car, which plaintiff admits he saw and knew was approaching. In Gavin v. P. R. T. Co., 271 Pa. 73, we said (page 75) that if a pedestrian deliberately attempts to cross a street between the regular crossings and injury results "ordinarily he will be chargeable with such carelessness as to prevent recovery of damages...... A pedestrian, in crossing the tracks of a street railway which has the undoubted right to use the space set apart to it between crossings, must do so with due regard to these superior rights." See also Walker v. P. R. T. Co., 274 Pa. 121; Patton v. George, 284 Pa. 342; Curtin v. P. R. T. Co., 286 Pa. 463. The cases cited by appellant as to the duty of motormen at regular street crossings are not applicable to the situation with which we are now dealing.

When plaintiff was knocked down, by the southbound car, his foot went under the northbound one and he claims was pinned beneath its first wheel which was "just holding [his] toes." He alleges that the motorman mistakenly backed the car while his foot was in this position and inflicted the serious injuries which resulted in its amputation. The car had stopped almost instantly. It was a one-man car carrying only a motorman. Some person between the two cars (it must have been one of plaintiff's companions, several of whom were present endeavoring to pull his foot out, as they were the only ones there) called to the motorman to back his car, which he did, and this act, so plaintiff alleges, caused his more serious injuries. Defendant contends with much plausibility that, taking plaintiff's position as he describes it and the fact that his foot was in front of the wheel, it could not be physically possible for the backing of the car to have inflicted any additional injuries to his foot, but, assuming that it did, this could

not convict the motorman of a negligent act. The time was one of emergency and called for quick action. Plaintiff's foot was caught under the wheel. Guided by those who had the best opportunity to grasp the situation, the motorman did what they directed him to do. Even if it turned out not to be the wisest thing to do, taking into account the emergency which confronted him, it could not be said that he did not exercise care in following the direction of those who could apparently see what the situation demanded: Brown v. French, 104 Pa. 604; Sekerak v. Jutte, 153 Pa. 117; Floyd v. P. & R. R. R., 162 Pa. 29; Donahue v. Kelly, 181 Pa. 93; McAnally v. P. R. R. Co., 194 Pa. 464; Leslie v. Catanzaro, 272 Pa. 419; Post v. Richardson, 273 Pa. 56; Bloom v. Bailey, 292 Pa. 348; 45 C. J. 710; 37 L. R. A. (N. S.) 43, note.

The judgment is affirmed.