## PETRY v. H. M. WAGNER CO., Inc.
### No. 6441.

Circuit Court of Appeals, Third Circuit.
Dec. 10, 1937.

Philip A. Campbell, Victor Frey, and J. Morris Yeakle, all of Philadelphia, Pa., for appellant.

Richard A. Smith, Thomas J. Clary, and Louis Wagner, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

The appellant brought suit in trespass against the appellee to recover for personal injuries received by him when he was struck by an automobile operated by an employee of the appellee, the accident having occurred within a city block and between street crossings. The learned District Judge entered judgment for the appellee upon a point reserved, on the ground that the appellant was guilty of contributory negligence in testing a known danger at such a point. The facts are as follows:

The appellant was a letter carrier. He had delivered mail to a garage upon the east side of Front street in Philadelphia and thereafter attempted to cross Front street in the middle of the block in order to deliver mail upon the west side of the street. An automobile was parked along the east curb of Front street about 60 feet from the point at which the appellant crossed the curb. Other automobiles were parked upon the west side of the street. Front street here is 26 feet wide. As the appellant crossed the curb, he saw the automobile, operated by the appellee's servant, at a distance of approximately 260 feet from him. He walked approximately 5 feet from the curb when an acquaintance crossing Front street from the west to east side passed him. According to his own testimony, the appellant then stopped and looked again both north and south. The appellee's automobile was then approximately 140 feet away. He testified that he then proceeded to move out into the street 3 or 4 feet further and, when he was from 8 to 9 feet from the curb, the appellee's automobile was about 40 feet from him. The appellant claims that at this point the automobile was veering to the right as though intending to pass in

424

back of him, and the appellant, observing this, took a further step toward the west side of the street and was struck by the right front fender of the automobile.

There is conflicting testimony as to the speed of the automobile. One witness stated that it was moving at a rate of approximately 25 miles an hour. The appellant tells quite a different story. He testified that the automobile made "an awful roar", that "I heard that car was going like hell-bent for election", and that he (the driver) was "coming at a pretty good clip."

Now it is obvious, assuming that the appellant's statements are approximately accurate, that the appellee's car traveled about 140 feet while the appellant was walking 5 feet. Such a calculation indicates that the speed of the automobile was approximately 60 miles an hour. We do not accept such an extreme conclusion as to speed, but there is ample evidence to support the conclusion of the trial court that the automobile was moving rapidly.

The appellant lays much emphasis upon the contention that the accident occurred because the driver of the appellee's car by veering to the right indicated that he intended to pass the appellant to the rear, and that therefore the appellant was acting with reasonable care under the circumstances when he took the additional step forward toward the west side of Front street. Assuming that the circumstances are as the appellant alleges them to be, none the less it is obvious that the appellant chose to test a known and obvious danger, risking his life and limb upon the hazard, first, that he had correctly diagnosed the intention of the driver of the automobile, and, second, that the driver would execute his purported course with such skill that the appellant would escape injury. Being injured under such circumstances, he must be held to be guilty of contributory negligence, and therefore his recovery is barred. Gavin v. Philadelphia Rapid Transit Co., 271 Pa. 73, 74, 113 A. 832; Watson v. Lit Brothers, 288 Pa. 175, 135 A. 631; Anderson v. Wood, 264 Pa. 98, 100, 107 A. 658; Rhoads v. Herbert, 298 Pa. 522, 526, 148 A. 693.

The judgment of the District Judge is affirmed.