## Commonwealth v. Howell

*William A. Sykes* and *John E. Aikman,* for Commonwealth.

*Donald J. Dennison,* for appellant.

LONG, P. J., April 6, 1949.—Walter M. Howell has appealed from the order of the Secretary of Revenue suspending his privilege to operate a motor vehicle. The facts averred in the petition, which were not denied, are: That appellant is the holder of a Pennsylvania motor vehicle license for the year 1949; that

after hearing by the Department of Revenue said license was suspended by the Secretary of Revenue for a period of one month from February 8, 1949, and that the reason for withdrawal is that appellant was "following too closely".

By virtue of section 616 of The Vehicle Code of May 1, 1929, P. L. 905, and the Act of June 27, 1939, P. L. 1135, sec. 10, 75 PS §193, a petition was filed in this court by appellant on February 14, 1949, praying for a hearing upon 30 days' written notice to the Secretary of Revenue, whereupon, the court made an order allowing the prayer of petitioner and fixed March 21, 1949, at 10 a. m., as the time for hearing. Bail in sum of $100 was filed and it was ordered that the appeal should operate as a supersedeas.

The Secretary of Revenue, having received more than 30 days' notice of the date fixed, the matter came on for hearing and plaintiff, the Secretary of Revenue, appeared through counsel and offered two witnesses, one of whom was a member of the Pennsylvania State police. Appellant was present with his witnesses and counsel.

Section 615 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of 1939, P. L. 1135, sec. 9, 75 PS §192, provides:

"(b) The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

"2. That such person has committed any violation of the motor vehicle laws of this Commonwealth."

Upon an appeal from a suspension or revocation of an operating privilege, the court, under The Vehicle Code, section 616, is required "thereupon to take testimony and examine into the facts of the case, and to

determine whether the petitioner is subject to suspension of operator's license . . ." (75 PS §193).

The Act of May 1, 1929, P. L. 905, sec. 1010, as amended, 75 PS §545, provides that:

"(a) The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."

The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function: Commonwealth v. Funk, 323 Pa. 390; Commonwealth v. Cronin, 336 Pa. 469.

The testimony of Officer John Dussia, called by the Department of Revenue, was to the effect that he is a member of the Pennsylvania State police; that while patrolling in Paint Township, Clarion County, near the intersection of Route 68 with Route 322, he was informed that there had been an accident on River Hill on Route 322 about two miles West of Clarion, Pa.; that he went to the scene and observed the position of the cars. The cars of defendant, Miss Sheffer, and Frank Kubic were on the highway. Other cars involved in the accident were then off the highway. The front bumper of the Howell car was wedged against the rear bumper of the Sheffer car. The Howell and Sheffer cars were damaged in the rear and front. The officer interrogated Mr. Howell and was informed that there was a string of cars ascending the hill and while he was following other cars that the car ahead stopped; he hit his brake and his car did not stop; that Howell said he was driving approximately 30 miles an hour and he was about 20 feet behind the Sheffer car when he noticed it had stopped. The officer charged Mr. Howell with operating too closely.

Frank Kubic testified to the effect that the car operated by him was in front of the Sheffer, Howell

and other cars traveling up hill on a grade of about 20 per cent; that each driver was proceeding slowly; that a truck stopped at the railroad crossing ahead of him and that this caused all cars in front of him to stop, and he stopped; that the car operated by Sheffer was immediately behind him and Howell was behind the Sheffer car; that the Sheffer car could not stop until it hit his car and caused damage to his car to the extent of $341. Thereafter Howell ran into the Sheffer car; that he heard no noise in his rear before the Sheffer car struck him; that the Howell car hit Sheffer's car after Sheffer's car had collided with the witness' car. The witness stated that Officer Dussia threatened to arrest the driver of the Sheffer car as well as the driver of the Howell car. He further testified that Mr. Howell then said that the operator of the Sheffer car gave him no warning or signal of intention to stop.

The operator of the Sheffer car did not testify and no reason was given for nonappearance.

Appellant testified that he is a glass worker; that he resides in Brookville, Pa.; that he hauls daily to Brockway, 18 miles distant, five glass workers in his automobile; that these men work in the Brockway Glass Plant seven days a week; that on March 28, 1948, the date of the accident, he was on his way to Oil City, and while proceeding at a rate of about 30 miles an hour on State Highway Route 322, about two miles west of Clarion on what is described as River Hill, he drove behind a string of automobiles traveling in the same direction at about the same rate of speed; that the road was dry and the day was clear; that the Sheffer car was being operated in front of his car; that the Sheffer car collided with the car ahead of it and stopped suddenly, without warning or signal, with such force as to knock the mud from its fenders; that he immediately applied his brake but was unable to stop in time

to avoid impact with the Sheffer car; that he had been driving about 70 feet behind the Sheffer car prior to the accident; that after the accident his front bumper was locked with the rear bumper of the Sheffer car and that the rear of the Sheffer car was damaged to the extent of about $20. He did everything to avert the accident and had never been involved in an accident heretofore.

Mrs. Frank Kubic, a passenger in the Kubic car, testified that there were two distinct blows; first the Sheffer car collided with their automobile, which was ahead of the Sheffer car, and thereafter she heard an impact in the rear of the Sheffer car between it and the Howell car; that the first impact was harder than the second.

Robert North, register of wills, and David L. Kunselman, county commissioner, each testified to the good reputation of appellant as a careful driver.

In a civil action brought to revoke a license the hearing is de novo and it is sufficient if the offense be established by a preponderance of the evidence: Com. v. Funk, supra; Com. v. Cronin, supra.

Does the testimony warrant the court determining that appellant's license should be suspended on the ground that he followed another car too closely under the circumstances? The preponderance of the testimony is in favor of appellant. It appears that a truck ahead of cars which appellant was following stopped at a railroad crossing. This caused all other cars in the rear of the truck to stop. The police officer who made the arrest was not present at the time of the collision and all he knows is what he learned from others. From the testimony of Mr. and Mrs. Kubic, there was a sudden emergency. It is a well recognized rule that a person is not bound to anticipate the negligence of another: Stadale v. Felin and Co., Inc., 119 Pa. Superior Ct. 364. It may be that the operator of

the Sheffer car was negligent and that such negligence caused appellant to collide with the latter's automobile. However, there was a sudden emergency at and immediately before the Howell and Sheffer cars collided and apparently appellant acted according to his best judgment. One who in a sudden emergency acts according to his best judgment or who, because of want of time in which to form that judgment, omits to act in the most judicious manner, is not chargeable with negligence: Donahue v. Kelly, 181 Pa. 93; Leslie v. Catanzaro, 272 Pa. 419. The rule that a mistake of judgment in an emergency does not constitute negligence is inapplicable where the emergency was caused by the actor's antecedent negligence: Gajewski v. Lightner, 341 Pa. 514; Casey v. Siciliano, 310 Pa. 238. In the instant case there is no evidence that appellant was guilty of negligence of any kind at and immediately prior to the impact.

From the testimony and for the reasons stated the Secretary of Revenue has failed to establish by the preponderance of the evidence that appellant followed too closely as defined by the act of assembly. See Handwerk Automobile License Case, 348 Pa. 263; Schwartz Automobile License Case, 348 Pa. 267. We therefore make the following

### Order

And now, April 6, 1949, the matter having come on for hearing after 30 days' written notice to the Secretary of Revenue, and testimony having been taken, the court, after having examined into the facts of the case for the purpose of determining whether appellant is subject to suspension of his operator's license under the provisions of the act of assembly, and having determined that the suspension of appellant's privilege to operate his motor vehicle was without authority of law, hereby directs the Secretary of Revenue to reinstate the operator's license to Walter M. Howell. Appellant shall pay the record costs due the prothonotary.