## HALZLE *v.* HARGREAVES.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—MOTOR VEHICLES.

    A pedestrian who attempted to cross a city street without stopping to look, and who could have seen the automobile which struck her had she looked, was guilty of contributory negligence as a matter of law.[1]

2. SAME—ORDINANCES—DRIVER NOT EXCUSED FROM USING ORDINARY CARE.

    A city ordinance requiring the driver of a vehicle to look back before making a left turn to ascertain whether it is safe to do so, lifts no obligation from him to watch where he is going and to look out for pedestrians.[2]

3. SAME—MOTOR VEHICLES.

    An automobile driver who saw a pedestrian standing on the curb when he was 40 feet away, and who, by reason of the speed at which he was going, after looking behind to see if it was safe to make a left turn, did not see her again until she was eight feet from the curb and only six feet from his automobile, too late to avoid striking her, was guilty of negligence.[3]

4. SAME—TRIAL—INSTRUCTIONS—SUBSEQUENT NEGLIGENCE.

    In an action by a pedestrian against the driver of an automobile for personal injuries, an instruction that the pedestrian's negligence did not prevent her recovery if the driver knew, or ought to have known by the exercise of ordinary care, of her preceding negligence, and he by his subsequent negligence injured her, was sufficient to present the question of subsequent negligence.[4]

5. SAME—MOTOR VEHICLES—TEST AS TO WHETHER DRIVER'S SPEED WAS EXCESSIVE.

    Whether the speed at which an automobile driver was driving was excessive or not did not depend upon any ordinance or statutory traffic rules, but upon what was reasonable, in view of all the circumstances.[5]

[1]Motor Vehicles, 28 Cyc. p. 29; [2]Id., 28 Cyc. p. 29; [3]Id., 28 Cyc. p. 47; [4]Id., 28 Cyc. p. 49; [5]Id., 28 Cyc. p. 29.

On reciprocal duty of operator of automobile and pedestrian to use care, see notes in 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990.

6. SAME—DUTY OF DRIVER AND PEDESTRIAN TO LOOK NOT DEPENDENT ON TRAFFIC REGULATIONS.

The duty of an automobile driver to look where he is going, and of a pedestrian to look about while in the street, are not duties wholly dependent on municipal or legislative declarations of traffic regulations.[6]

7. APPEAL AND ERROR—ERROR NOT PREJUDICIAL WHERE RESULT NOT AFFECTED THEREBY.

In an action by a pedestrian against the driver of an automobile for personal injuries, where plaintiff's right to recover depended upon whether or not defendant was guilty of subsequent negligence, an instruction by the trial judge that defendant was not driving at an excessive speed, while erroneous, because it was for the jury to say whether the speed was excessive, *held,* not prejudicial, in view of the fact that, under the circumstances, it cannot be said to have affected the result.[7]

8. DEPOSITIONS — INCOMPETENT ANSWER PROPERLY STRICKEN ON MOTION OF PARTY TAKING DEPOSITION.

Where part of an answer to a question in a deposition was clearly incompetent, the trial court was justified in striking it out on defendant's motion, although the deposition was taken by defendant's counsel.[6]

Error to Wayne; Collingwood (Charles B.), J., presiding. Submitted October 22, 1925. (Docket No. 10.)    Decided December 22, 1925.

Case by Christena Halzle against Richard L. Hargreaves for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Barbour & Martin (Henry C. L. Forler, of counsel),* for appellant.

*Clark, Emmons, Bryant & Klein (Kerr, Lacey & Scroggie, of counsel),* for appellee.

WIEST, J. Plaintiff was struck and injured by defendant's automobile while she was walking across

---

[6]Motor Vehicles, 28 Cyc. p. 29; [7]Appeal and Error, 4 C. J. § 3019; Motor Vehicles, 28 Cyc. pp. 48, 49; [8]Depositions, 18 C. J. § 385.

Second avenue at the intersection of Glendale avenue in the city of Highland Park, and brought this suit to recover damages. The trial judge held she was guilty of negligence and left only the issue of whether her peril was known or should have been discovered by defendant in time, and by the exercise of ordinary prudence, to have avoided injury to her. The jury found for defendant and plaintiff reviews by writ of error.

The accident happened on Sunday, March 26, 1922, about 2:30 o'clock in the afternoon. The weather was clear and the pavement dry. Plaintiff was of mature years and, with her sister, had walked on the south side of Glendale to the east curb of Second avenue, where, after watching the traffic for a few moments, she left her sister and started to cross to the west side of Second avenue. Defendant was driving north on the east side of Second avenue, intending to make a left turn on Glendale. Plaintiff looked to the south before she left the curb, had an unobstructed view for a block and claims she did not see any automobile. The first she saw the automobile was when she heard someone scream, and it was then about four feet from her and she claims she was near the middle of the street. She testified:

"The paved portion of Second avenue is 26 feet wide. From where I stepped down from the curb over to the center portion of Second, is a distance of 13 feet. I traveled that distance without looking to the south. There was no other traffic passing going north from the time I stepped off of the curb up to the time the accident happened. * * * When I was out in the street, I suppose I could have seen the automobile coming sooner if I had looked, but I couldn't see it when I was on the walk. I suppose I could have seen it from the time I left the curb. While walking there was nothing to prevent me from stopping at any stop in the street. If I had looked to the south after I stepped off the curb and saw this

automobile coming I suppose I could have stopped, but I didn't either stop or look."

Vigilance is an essential and available safeguard to life and limb in this automobile age and reasonable care requires constant exercise of the faculty of sight while crossing a city street. Under plaintiff's testimony she was negligent and the circuit judge was right in so holding. *Jones* v. *Armstrong,* 231 Mich. 637, and cases there cited. We recognize the rule that it must be a clear case of want of ordinary care to justify the court in holding there was negligence as a matter of law, but when the facts are beyond dispute the law must be applied. Counsel for plaintiff asked leave to argue the question of plaintiff's negligence to the jury and contends there was error in not permitting him to do so. The question was one of law upon the conceded facts and there was no error in the refusal.

Defendant testified that he saw plaintiff standing on the curb when he was about 40 feet away, sounded his horn, and did not see her again until his automobile was within about 6 feet of her, and she was then about 8 feet from the curb, and, if she had not jumped back she would have been right in front of the automobile. The fender of the automobile struck plaintiff. Defendant did not see plaintiff in the street until he heard someone scream, because he was engaged in looking back through his mirror and had turned his head to ascertain whether any one was following, as he intended to turn to the left at the street intersection.

The ordinance of the city of Highland Park, requiring the driver of a vehicle to look back before making a turn to the left for the purpose of leaving the street, to ascertain whether it is safe to do so and to keep as close to the center of the street as safety will permit, lifted no obligation from defendant to watch where

he was going and to look out for pedestrians. Compliance with the ordinance and performance of duty toward pedestrians can be accomplished if speed does not prevent. We think, under the facts and circumstances disclosed, defendant was also guilty of negligence. This lets blame rest on both parties unless defendant, in the exercise of reasonable care, should have discovered plaintiff's negligence in time to have prevented injury to her. This question was submitted to the jury with this instruction:

"That contributory negligence does not prevent recovery in a case where the defendant, who knows or ought to know by the exercise of ordinary care of the preceding negligence of the plaintiff, by his subsequent negligence does plaintiff an injury. That is, even though the plaintiff were guilty of contributory negligence and has placed herself in a position of danger, it is still incumbent upon the defendant to do that which an ordinarily prudent and careful man would do to prevent the injury."

This, in substance, sufficiently covered plaintiff's requests on that subject.

Was it error to instruct the jury:

"The plaintiff stepped off from a place of safety without observing the ordinary rules of caution. She found herself in a position where she was oblivious to any danger. Defendant was coming from the south in his automobile. Driving his automobile at a rate of speed, which, the testimony shows, was not excessive. There is nothing in the testimony to indicate that the defendant was violating any of the rules of traffic."

Plaintiff, while in the street, gave no heed to traffic dangers and was, therefore, "oblivious to any danger." This want of heed, of course, did not relieve defendant from the rule of due care if he discovered, or should have discerned, her peril. Whether the speed at which he was driving was excessive or not did not depend upon any ordinance or statutory traffic rules

but upon what was reasonable in view of all the circumstances.     The duty of defendant to look where he was going and of plaintiff to look about while in the street are not duties wholly dependent on municipal or legislative declarations of traffic regulations.

While it was not for the court to say the speed was not excessive, but for the jury to make determination from the facts and circumstances, we cannot feel that, but for this error, the result would have been different.

Defendant took the deposition of a witness and therein appeared this question and answer:

"*Q.* From what direction was the car or automobile coming?
"*A.* From the south.     I think they had time enough to get across."

Before the deposition was read the court, on motion of defendant, struck from the answer: "I think they had time enough to get across."     Counsel for plaintiff insist that, inasmuch as the examination of the witness was by counsel for defendant, the court had no power to hold the stricken portion of the answer was not competent.     The portion struck out was so clearly incompetent as to fully justify the action of the court. We find no reversible error.

Affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.