MARY HEINSMANN, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF JOHN HEINSMANN, PLAIN-
TIFF, v. HARRY (OR HENRY) KUMPF, DEFENDANT.

Argued January 22, 1931—Decided February 5, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *C. Richard Allen.*

For the defendant, *Robert Peacock.*

PER CURIAM.

A previous verdict in favor of the plaintiff was set aside as against the weight of evidence upon the question of negligence of the defendant. *Heinsmann* v. *Kumpf,* 150 *Atl. Rep.* 924; 8 *N. J. Mis. R.* 372. At the second trial the plaintiff was again successful and the trial judge allowed the present rule.

The reasons filed are somewhat unusual in character, but may be considered, in fairness to the defendant, as setting up that the verdict was against the weight of evidence as respects the negligence of the defendant, and also with regard to the contributory negligence of the plaintiff.

Plaintiff's intestate was a passenger on a public bus proceeding from Camden towards Atlantic City on the road known as White Horse Pike, at about six o'clock in the evening of a June day. The bus stopped at or near the corner of a cross street known as Linden avenue for the pur-

pose of letting off some passengers, of whom the deceased was one. All the testimony is to the effect that the right wheels of the bus were off the concrete, but that the left wheels were on it, and most of the body of the bus as well. At this point the concrete is twenty-nine feet wide, and, consequently, fourteen and one-half feet in width on each side of the centre of the road. As the bus was standing there, and apparently after most of the passengers had alighted that desired to do so, the defendant, driving his own car, sitting alone on the front seat, with his wife and sister-in-law on the rear seat, came up behind and undertook to pass the bus while it was still at a standstill. Defendant admitted that he approached the bus at about thirty-five miles an hour but claimed that he took his feet off the accelerator and that his car slowed down to twenty miles or something less and that he did not apply his brakes until he was even with the front of the bus and saw the deceased directly in front of him, only a foot or two away, in the act of crossing the road, and, as the defendant claims, running. At this point he applied his brakes for the first time. His car struck the deceased somewhat to the left of the centre of the front bumper and threw him over the left mudguard, and the body lay about the centre of the road when picked up.

Some of the witnesses testified that there was a space of only two to three feet between the bus and the car as the latter passed it, and a simple calculation will indicate that this was in all probability true; for the car itself was slightly less than six feet wide and the bus considerably wider, and with only the right wheels off the concrete leaving a passing space at the centre of the road, it can readily be seen that there was very little room left between the car and the bus.

In this situation, it seems reasonably clear to us that the jury were entitled to find negligence on the part of the defendant in undertaking to pass, at a speed of twenty miles an hour, a standing bus from which passengers had just alighted, in view of the fact that one or more of those passengers would be likely to cross the street and, as often happens, in front of the bus instead of waiting for it to go

by. We consider that the jury might well say that it was the duty of the defendant, in the exercise of proper care, to anticipate such an occurrence and to provide for it. As to the contributory negligence of the deceased, that, in our estimation, was also a jury question; and apparently this court seems to have considered it unnecessary to deal with it on the previous rule. Contributory negligence is a matter of defense and the burden of proving it is on the defendant.

In view of these circumstances and the important rule of law that the court will hesitate before setting aside a second verdict on substantially the same evidence, we conclude that the present rule should be discharged.