Crawford *v.* Shenango Valley Traction Co.,
Appellant.

Argued April 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

C. E. Brockway of Brockway & Whitla, for appellant.

Fred A. Service of Service, McNeal and Buckley, for appellee.

OPINION BY DREW, J., July 8, 1931:

On the evening of October 17, 1926, about 9 o'clock, Mrs. Fannie Crawford, the plaintiff, was a passenger on a street car of the defendant company, then being operated along South Dock Street, in the City of Sharon. She boarded the car in Wheatland to go to her home in Sharon. She had lived at her then residence for more than 3 years, and frequently visited her daughter, who had lived, since 1914, in Wheatland. On these occasions, and many others, she used this same line of street cars, and was well acquainted with the regular stop for her home, which was Liberty Street. Immediately before the happening of this accident, she was sitting in the front of the car, which was operated by one man, who acted as motorman and conductor. She had passed her regular stop at Liberty Street, this being caused by her failure, on account of it being dark, to see the stop. She asked the operator if she had reached Liberty Street and he told her that she had passed it, and added, "I'll stop the car and let you off, and you can walk back." He did stop the car, at a point about 300 feet beyond Liberty Street, at a place which was not a regular stop. He

opened the door, she got down upon the cartway of the street, and after taking 2 or 3 steps which her witnesses testified brought her out 3 or 4 feet from the side of the car, she was run into and injured by an automobile being driven in the direction opposite to that in which the street car was going. This automobile, because of its lights, was plainly visible to plaintiff from the time she stood up to get off the car, during the time she was getting down from the car, and the time she spent upon the cartway of the street before she was struck by it. The automobile did not stop, or decrease its speed, when the street car came to a stop. The driver, a witness for plaintiff, in explanation of how the accident happened, said that the place where the street car stopped was not a regular stop and that he did not see plaintiff. The automobile traffic on the street, in both directions, used the asphalt cartway between the track upon which this street car was running and the sidewalk. It was the intention of plaintiff to proceed from the car, across the cartway of the street, to the sidewalk.

There are many assignments of error, but in our judgment a proper disposition of the case requires that we pass upon but one, the sixteenth, which alleges that the lower court erred in overruling the motion for judgment non obstante veredicto. This motion, inter alia, was based upon defendant's contention that plaintiff was guilty of contributory negligence and therefore cannot recover. If such be true, it is unnecessary to consider the alleged negligence of defendant.

The question as to whether or not the evidence tends to prove negligence in any case, is always for the court. Giving to the plaintiff the right to the most favorable view of the facts that may reasonably be taken of them, the court should upon proper request being made, declare whether or not, under the submitted

testimony, the conclusion of negligence can be reached by the jury: Scanlon v. Phila. Rapid Transit Co., 208 Pa. 195.

Our examination of the testimony of this case impels us to the conclusion that the question involved here was one for the court, and not for the jury. It is our opinion that the plaintiff was clearly guilty of contributory negligence. It was her own neglect that caused her to be carried beyond her regular stop. The fact that she did not see the stop because of darkness did not prevent her from telling the operator where she wished to leave the car. If she had done so, prior to the car arriving at Liberty Street, he would have stopped at that place. When she did call the attention of the operator to the fact that she wished to alight at Liberty Street, and he told her that the car had then passed that stop, it was with her consent that the car was then stopped and she was permitted to get off, so that she would not have to walk a greater distance than necessary to her home. When she attempted to alight, she could see, and was bound to see, the approaching automobile. The operator of the car had seen it approaching for 900 feet. It was plainly visible in the darkness because of its bright lights. She got down upon the street safely and was free of the car; she then walked 3 or 4 feet from the car and was immediately struck and knocked down by the automobile. Her conduct would indicate that she did not see the automobile at any time. She was bound to see that which was obvious, and certainly this automobile was very close at hand when she left the street car. She either did not look, or, having looked, saw the automobile when she alighted, and in either case she was negligent because it was her own act which brought her into contact with the automobile: Watson v. Lit Brothers, 288 Pa. 175. When the proven facts show she must have seen if she had looked, the court is

bound to so declare: Cubitt v. New York Central R. R. Co., 278 Pa. 366. Before she alighted from the car and while the approaching automobile was in plain view, she was in a place of perfect safety and could have remained there until the automobile had passed, if she had cared to do so. If, after stepping down upon the street, she had stood where she was, and not walked out into the path of the automobile, she would not have been injured. The only conclusion is that plaintiff either did not make an effort to see before and at the time she was getting down from the car, and at the time she stepped out into the street, or did observe and was heedless of the impending danger. In either case she was guilty of contributory negligence, and, consequently, no recovery can be had.

As stated in Goff v. College Hill Borough, 299 Pa. 343: "As the motor traffic upon paved streets is becoming more extensive, the duty of a party to look before entering a cartway becomes more important. We have never departed from the rule stated in Harris v. Commercial Ice Co., 153 Pa. 278, that one who steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked cannot recover. See also Robb v. Connellsville Boro., 137 Pa. 42. While in Weaver v. Pickering, 279 Pa. 214, we held that to step into the cartway of a two-way city street, without looking in both directions, is such contributory negligence as to prevent a recovery. An instruction which relieves a party from his duty to look before passing over a street is erroneous: Kauffman v. Nelson, 225 Pa. 174. While Alexander v. American Express Co., 258 Pa. 378, holds that one who is injured, while crossing a street, by a vehicle which he could have seen and avoided had he looked, is guilty of contributory negligence. A pedestrian must have due regard to the condition of traffic before entering upon the cartway: Gavin v. P. R. T. Co., 271 Pa. 73.

One who steps from a vehicle into the cartway of a busy street regardless of the condition of approaching traffic therein is negligent. See Buccilli v. Shanahan et al., 266 Pa. 342.''

There can be no doubt, from the testimony in this case, that plaintiff entirely disregarded the approaching automobile, and by placing herself in the way of it, caused her own injury. It is apparent that her own negligence was the proximate cause of the accident. Even slight contributory negligence would defeat her recovery: Weir v. Haverford Electric Co., 221 Pa. 611: Flynn v. Moore, 88 Pa. Superior Ct. 361.

The judgment is reversed and is here entered for the defendant non obstante veredicto.