HALEY v. GROSSE ILE RAPID TRANSIT CO.

1. AUTOMOBILES—NEGLIGENCE—MOTORBUS.

In action for death of pedestrian who was struck by defendant's motorbus while crossing a street in the middle of a block, record *held*, to show defendant's driver to have been guilty of negligence in operating bus in an irresponsible manner and at a speed in excess of legal rate.

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict and judgment for defendant, the testimony is viewed in a light most favorable to plaintiff.

3. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Pedestrian who suffered fatal injuries as darkness came while he was crossing a street in a southerly direction 150 feet from an intersection to the east, whom an eyewitness had seen looking toward defendant's motorbus at intersection, which was traveling westerly at a speed of 35 to 40 miles an hour in his direction, but who continued on toward center of street *held*, guilty of contributory negligence as a matter of law.

4. SAME—PEDESTRIANS—CROSSING STREET IN MIDDLE OF BLOCK— DUE CARE.

While a pedestrian undoubtedly has the right to cross the street in the middle of a block and to use the highway equally with the operators of vehicles, he is not excused from the duty of exercising reasonable care to see where he is going.

5. SAME—PEDESTRIANS—CROSSING STREET IN MIDDLE OF BLOCK— CONTRIBUTORY NEGLIGENCE.

Pedestrian who crossed street in middle of block and saw or could have seen defendant's motorbus 150 feet away and approaching him at speed of 35 to 40 miles an hour as darkness came but continued heedlessly in front of it was guilty of contributory negligence as a matter of law.

Appeal from Wayne; Campbell (Allan), J. Submitted June 6, 1939. (Docket No. 18, Calendar No. 40,353.) Decided September 6, 1939.

Case by Charles Haley, special administrator of the estate of David Haley, deceased, against Grosse Ile Rapid Transit Company, a Michigan corporation, for damages under the survival act arising when plaintiff's decedent was struck by defendant's bus. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Bernstein & Bernstein,* for plaintiff.

*Ernest P. LaJoie,* for defendant.

BUTZEL, C. J. David Haley, plaintiff's decedent, had lived in Detroit for 14 years, was over 30 years of age, and was employed by a firm having offices on West Jefferson avenue. This street runs east and west and there is a double street car track in the center. The width of the street is not disclosed by the record. On December 16, 1936, Haley, while crossing West Jefferson avenue, was struck by a large motor bus owned and operated by defendant company, at a point about 150 feet west of the intersection of Delray and West Jefferson avenues. In that vicinity West Jefferson is a business street with factories on one side and stores on the other side. At the time of the accident, cars were parked on the north side of the street. It was getting dark and the city lights, as well as those on the bus, had been turned on. The pavement was dry.

Plaintiff produced only one witness who saw the accident. According to his testimony, the bus, which was being driven at a speed of 35 to 40 miles an hour, crossed the intersection of Delray and West Jeffer-

son avenues and proceeded west. When the bus was at the intersection, decedent Haley was first seen standing out in front of a parked car on the north side of the street and then he continued to cross West Jefferson avenue. He was hit at a point a foot and a half or two feet south of the most northerly rail, that used by street cars traveling west. After surviving two months in a hospital, he died as a result of his injuries. The trial judge directed a verdict in favor of defendant on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law. From this plaintiff has appealed.

The witness testified that as the bus approached Haley, the driver made no effort to slacken his speed or to swerve to the left to avoid striking him. The brakes were not applied until after the impact. The record leaves no doubt that the defendant was guilty of negligence in operating its bus in this irresponsible manner and in excess of the legal rate of speed. The sole question is whether the issue of Haley's contributory negligence should have been submitted to a jury for determination.

Although the testimony is viewed in a light most favorable to plaintiff, the decision of the trial court must be sustained. According to the witness, Haley came out into the street when the bus was 150 feet away from him, traveling 35 to 40 miles per hour. There was nothing to prevent observation of the approaching vehicle by the pedestrian; the man's view of the driver, the witness testified, was as good as the driver's view of the man. As he stepped out onto West Jefferson avenue, decedent was seen to look in the direction of the approaching bus, but he continued on toward the center of the street despite his observation. "He kept on walking while he was looking until he got hit," the witness said. On cross-examination the witness added:

"He didn't stop, or he didn't run faster; he didn't do anything. He was looking at the bus. He picked up his feet a little faster, enough to make it across, when he got hit. He didn't speed up any faster, he just picked his feet up faster, it seems like, to me. He didn't run. It seemed to me that he walked a little faster."

While a pedestrian undoubtedly has the right to cross the street in the middle of a block and to use the highway equally with the operators of vehicles, he is not excused from the duty of exercising reasonable care to see where he is going. We have said:

"Vigilance is an essential and available safeguard to life and limb in this automobile age and reasonable care requires constant exercise of the faculty of sight while crossing a city street." *Halzle* v. *Hargreaves,* 233 Mich. 234.

While it cannot be established beyond doubt whether Haley actually "saw" the bus when he looked toward it as the witness observed him to do, the inference is irresistible that he did not pay any attention to what he must have seen. As a reasonable man, decedent would not have walked into the path of the bus, which struck him between the radiator and the fender about a foot from the extreme right corner of the bus, if he had seen it approaching him. He must not then have "seen" it although it was in plain view. In that event he was guilty of contributory negligence as a matter of law. *Halzle* v. *Hargreaves, supra; Molda* v. *Clark,* 236 Mich. 277; *Brodie* v. *City of Detroit,* 275 Mich. 626. Particularly pertinent is our language in *Neeb* v. *Jacobson,* 245 Mich. 678:

"Plaintiff was not struck by the front of the car, but apparently by its side. If plaintiff failed to look to see if cars were coming, she was guilty of

contributory negligence.  If she looked and failed to see what was in plain sight, she was guilty of contributory negligence.  If she went across the street heedlessly, without knowing where she was, and ran into defendant's automobile, she was guilty of contributory negligence.''

Even if plaintiff's decedent did observe the bus traveling toward him, he was equally negligent as a matter of law.  While the accident could have been avoided if the driver had applied his brakes, plaintiff's witness testified that it could likewise have been avoided if decedent had stopped.  Traveling at the rate of 40 miles an hour, the bus would travel 150 feet from the intersection, when Haley was first seen to look toward the bus, to the point where he was standing, in less than three seconds.  Despite this speed, and in clear sight of the advancing vehicle, Haley continued to walk directly into its path.  A moment's hesitation before reaching the car track, or one backward step, would have avoided the accident entirely.  Conduct so clearly careless and in disregard of ordinary watchfulness in traffic should not be submitted to the speculation of a jury.

Plaintiff. has urged that his recovery is controlled and supported by *Burton* v. *Yellow & Checker Cab & Transfer Co.*, 283 Mich. 384.  That case, which of necessity must be limited to its peculiar facts, is clearly distinguishable from the present one.  There positive testimony was introduced by the injured person that as the vehicle approached he became confused, started to run to safety, and was injured while in flight.  We held that the reasonableness of his course was a jury question.  Here, however, the testimony established that Haley walked into the street and directly into the path of the bus while he looked all the while at the bus as it approached.  There is nothing to indicate that he ever actually saw it or

appreciated the peril in which he had placed himself. There was no evidence that made his confusion and subsequent choice of alternative courses a question of fact to be determined by a jury. The same principles distinguish the other cases appealed to by plaintiff.

Judgment should be affirmed, with costs to defendant.

Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.