LUKE SLATER, *Admr.* v. H. A. SHIRKEY *and* JOHN SHIRKEY

(No. 9049)

Submitted April 16, 1940. Decided May 7, 1940.

*Kay, Casto & Amos* and *Vincent V. Chaney,* for plaintiff in error.

*John T. Copenhaver* and *L. Steele Trotter,* for defendant in error.

Fox, JUDGE:

William Henry Pritt was killed when struck by an automobile owned by H. A. Shirkey, and operated by his son, John Shirkey, on August 28, 1938. In an action instituted by Luke Slater, as administrator of the deceased, to recover damages for his death, in the Court of Common Pleas of Kanawha County, a trial was had resulting in a verdict for the plaintiff against H. A. Shirkey and John Shirkey, on which the court entered a judgment. This judgment was affirmed by the Circuit Court of said County, and the defendants below now prosecute their joint writ of error thereto. The parties will be referred to as they stood in the courts below.

Counsel for the defendants base their case on the single contention that the record shows that plaintiff's decedent was, at the time of the accident which caused his death, guilty of contributory negligence as a matter of law, and that by reason thereof no recovery can be had in this action, thereby conceding the negligence of the driver of the automobile. This requires an inquiry into the evidence and circumstances developed upon the trial of the case.

The accident in question occurred between Charleston and Sissonville, about ten o'clock in the morning. The day was bright and clear. Plaintiff's decedent was riding in a milk truck with the driver thereof and a man by the

name of Young, and was seated between the driver and Young. The milk truck was being driven in the direction of Sissonville. When they reached a point on route 21 referred to as Spring Branch, where a dirt road known as the Tolley Hollow road intersects the highway, the truck was stopped on the right side thereof to permit decedent to alight. The truck was parked partly on the paved portion of the highway, which pavement at that point was sixteen feet in width, and partly on the berm, the evidence disclosing that the body of the truck was within three or four feet of the center of the highway. Young opened the truck door, stepped from the truck, and decedent alighted. He then proceeded to the rear of the truck and walked toward the center of the highway. When the decedent passed from behind the truck and into the open highway, as two witnesses testify, he did not look for approaching traffic until he had reached the middle thereof. Other witnesses say he reached the center of the highway and looked. At that time he apparently saw the car driven by John Shirkey approaching at high speed, and in the excitement of the moment, he leaped into the path of the oncoming car instead of stepping back, and the evidence discloses that he was struck by the Shirkey car about the time his feet reached the pavement, indicating, of course, that the car was very near to him at the time he made his leap. The truck with its body and contents was about six feet high, and effectually covered the movements of the decedent while he was behind the same.

There is very little contradiction in the testimony. There were seven eye-witnesses to the accident; four of these resided in a house up on a bank and saw the accident from that point. They were introduced by the plaintiff, and their testimony does not conflict with the statement of facts above. F. E. Miller, a witness for the defendants, was driving along this highway in the direction of Sissonville and in the rear of the truck. He saw the decedent pass behind the truck, and walk into the highway, and his version of the accident is not different from the witnesses who saw it from the residence. However, he says that he saw

the Shirkey car when it was some one hundred and fifty feet from the parked truck, and seeing at the same time that the decedent was walking from behind the truck toward the center of the highway was led to believe that there was danger of an accident. There is some slight confusion as to just where the decedent was when Miller first saw him, and when he saw the Shirkey car approaching, but we do not think his testimony, or the physical facts, justify the belief that the Shirkey car could have been as much as a hundred and fifty feet away when the decedent stepped into the open highway, for the reason that instantly after the decedent saw the Shirkey car he was struck by it. It should be here stated that the doctrine of last clear chance is not involved; no contention is made with respect thereto, nor do we think any could be maintained under the evidence.

The other eye-witnesses were John Shirkey and his aunt. Shirkey was operating the automobile which struck the decedent. He was driving his aunt from a point near Sissonville to Charleston. They both testified that decedent suddenly appeared from the end of the parked truck into the road and path of their automobile, and that the accident happened instantly after they first saw decedent. Shirkey says that the front end of his automobile had about reached the middle of the parked truck when decedent came out from behind it. He applied his brakes, but was unable to avoid the accident. All the testimony shows that Shirkey was on his proper side of the road. The estimates of the speed at which he was traveling vary from thirty-five to sixty miles per hour, but inasmuch as the position taken by the defendants assumes negligence on the part of Shirkey that fact becomes unimportant.

As will be noted, the vital question is whether the decedent passed the rear end of the truck, and stepped into the path of approaching traffic at a time when any effort on the part of himself or the approaching automobile to avoid an accident was futile. We think there can be no doubt that this question must be answered in the affirmative. While there may be slight variations in the state-

ments of the eye-witnesses as to what occurred, they unite in saying that the decedent walked from behind the parked truck into the highway, and after he had reached a point about the middle thereof looked in the direction of the approaching Shirkey car, and then leaped in its path and was struck. The testimony on this point seems to us to be clear and convincing, and we cannot follow the contention of counsel for the plaintiff that it creates confusion as to what actually occurred. We are impressed with the fact that it is simply a case where the deceased came from behind the truck into the path of a moving automobile without taking the precaution to look for approaching cars, and thereby lost his life. We do not believe the testimony raises any doubt as to what occurred, and there being no such doubt the question of whether or not the decedent was guilty of contributory negligence is one of law for the court.

If this be true, then under our decisions and those of other jurisdictions, the decedent was guilty of contributory negligence, as a matter of law, and his personal representative cannot recover in this action. *Smith* v. *Gould,* 110 W. Va. 579, 159 S. E. 53, 92 A. L. R. 28; *Milby* v. *Diggs,* 118 W. Va. 56, 189 S. E. 107, note 119 A. L. R. 1048; *Morton* v. *Baber,* 118 W. Va. 457, 190 S. E. 767, note 119 A. L. R. 1073; *Yoder* v. *Transit Co.,* 119 W. Va. 61, 192 S. E. 349; *Frazier* v. *Stout,* 165 Va. 68, 181 S. E. 377; *Watson* v. *Lit Bros.,* 288 Pa. 175, 135 Atl. 631; *Crawford* v. *Traction Co.,* 102 Pa. Super. 440, 157 Atl. 40; *Dando* v. *Brobst,* 318 Pa. 325, 177 Atl. 831; *Reilly* v. *Philadelphia,* 328 Pa. 563, 195 Atl. 897; *Halzle* v. *Hargreaves,* 233 Mich. 234, 206 N. W. 356; *Jones* v. *Florios,* 248 Mich. 153, 226 N. W. 852; *Haley* v. *Transit Co.,* 290 Mich. 373, 287 N. W. 536.

The authorities cited by the defendant in error do not, in our opinion, show any departure from this rule as applied to the case before us. Of these cases we refer to the following: *Spagnola* v. *Laundry Co.,* 112 Conn. 399, 152 Atl. 403, was a case where a pedestrian crossed in front of a standing trolley car and stepped into the path of an automobile. The pedestrian had the assurance of the

motorman that she could cross in front of his car, and it was held that it could not be said she did not act the part of a reasonable, prudent person in not peering around the side of the trolley. It was stated that the pedestrian had the right to assume that no automobile would be running at high speed within two feet of a standing trolley car, and upon this basis she was permitted to recover. *Heinsmann* v. *Kumpf*, 9 N. J. Misc. 265, 153 Atl. 370, was a case where the driver of an automobile struck a passenger who had alighted from a bus and had passed in front of it to cross the highway. The automobile was proceeding in the same direction the bus was headed. It was held that the matter of contributory negligence was a question for the jury. In *Webster* v. *Delivery Co.*, 41 Cal. App. 657, 183 Pac. 220, the plaintiff was struck by a passing automobile just after leaving her car parked in the middle of a city street where parking was permitted, which, we think, called for a consideration of the right and necessity of the automobile owner to walk from the parking space to the curb.

The case before us is not complicated by elements which might lead the court to deny the existence of contributory negligence, or to hold that the question of its existence was for the jury. We find nothing in the case at bar except a plain act of negligence on the part of the decedent in stepping from behind a parked truck in the path of approaching traffic.

There was sufficient space between the rear end of the parked truck and the center of the highway to have permitted the decedent to remain in a place of safety, from which he should have taken the precaution to look before advancing to the center of the road. Had he looked he would have seen the Shirkey car approaching. The fact that he continued to walk into the road, and to the center thereof, to our minds, conclusively shows that he did not look until he reached the center of the highway, and then upon the impulse of the moment leaped into the path of the approaching automobile at a time when no act of the driver could have saved him. The case is not one where the

driver of the Shirkey automobile was called upon to assume that a person might suddenly appear and walk into his path, as was true in *Smith* v. *Gould, supra,* and in the cases cited by the plaintiff and commented on herein. This is particularly true when we consider the fact, noted above, that the parked truck did not cover the entire portion of the paved highway on its side thereof.

The judgment of the Common Pleas Court and that of the Circuit Court of Kanawha County is reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded.*