# Smith, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Bicyclist — Collision — Contributory negligence—Binding instructions for defendant.*

1. In an action against a street railway company to recover damages for the death of plaintiff's husband, binding instructions were properly given for the defendant where it appeared that at the time of the accident deceased was riding a bicycle in close proximity to defendant's street car track; that a car approached from the rear striking the handlebar of the bicycle, causing deceased to fall under the car, killing him; that had deceased looked before going in proximity to the tracks he must have seen the car about thirty feet away and observed the extent to which it overhung the track; and there was no evidence of negligence on the part of the motorman operating the car.

*Negligence—Death—Presumption.*

2. The presumption is that a person who was killed by coming in contact with a car on an electric railway performed the duty which the law cast upon him of looking for the car, and if he did and the car was in close proximity to him where he could see it, the further presumption is that he did see it, and in not avoiding it was guilty of contributory negligence.

Argued Jan. 4, 1916.  Appeal, No. 103, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1909, No. 2771, on directed verdict for defendant in case of Laura G. Smith v. Philadelphia Rapid Transit Company.  Before BROWN, C. J., MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

The facts appear in the following opinion by AUDENRIED, J., sur plaintiff's motion for a new trial:

The plaintiff brought this action to recover damages to compensate her for the loss of her husband, who, it is alleged, was killed, while lawfully on a highway of the City of Philadelphia, through the negligent manner in which the defendant operated one of its cars, the negligence complained of being the running of the car "at a great rate of speed without warning to persons crossing its track."

There is no dispute as to the circumstances under which the plaintiff's husband met his death. The facts of the case appeared at the trial to be as follows:

On the evening of May 24, 1909, Mr. Smith left the Bornot Dyeing Establishment at 17th street and Fairmount avenue, in Philadelphia, where he was employed as fireman, by its Melon street entrance, and went east on the latter street, in company with a fellow employee named DeBeck.  Each rode on a bicycle.  On reaching 16th street both men turned left into that street.  DeBeck, who had been riding about 75 feet ahead of Smith, crossed the 16th street car track and proceeded north-

ward on the roadway between the track and the east
curb. When he passed the west house line of 16th street
a car operated by the defendant was at Wallace street
(180 feet south of Melon street), moving north on the
16th street track. Smith rode north on the roadway of
16th street between the car track and the west curb, on
a line "a couple of feet" from the west car rail. The
distance of that rail from the west curb is approximately
10 feet, 5 inches. At that time a portion of this space
was occupied by a wagon which was standing in front
of a livery stable on the west side of 16th street, some
30 feet north of Melon street, "straddling" the curb in
such a position as to leave a free passage at least four
feet wide between it and the car track. As Smith turned
from Melon street into 16th street, the car which, when
DeBeck noticed it, had been at Wallace street, was only
thirty feet from him. Smith was riding slowly, "just
crawling along." When he had gone about ten feet
northward on 16th street, he was overtaken by the
car, which struck the handlebar of his bicycle, and
threw him to the ground. He fell beneath the car and
was instantly killed. The car ran about thirty feet be-
yond the point of the collision before it could be stopped.
It had been moving at the rate of ten miles an hour.
None of the witnesses who testified on this subject heard
any signal of its approach given. The car was from
twelve to eighteen inches wider than the ordinary pas-
senger car, being one of those employed by the defendant
in hauling ashes. Melon street is 32 feet wide. It does
not extend east of 16th street, but ends on the west side
of that street. The accident occurred at five minutes
past six o'clock p. m., while it was still light.

On this evidence the trial judge directed a verdict in
favor of the defendant. We are of the opinion that this
was a correct disposition of the matter.

As Smith is dead, it is to be presumed that, before
coming into dangerous proximity to the car track, he
looked toward the south for approaching cars. If he did

not do this he was guilty of negligence which contributed to bring about his mishap. If he did what the law required of him in this respect, he undoubtedly saw the car that subsequently struck his bicycle, since it was then distant but thirty feet and there was still light enough for him to see it. Such being the case, it was apparent to him that this car overhung the track to an extraordinary extent. In approaching the west rail so nearly as he did he, therefore, acted imprudently, and exposed himself to a known danger. Moreover, it does not appear that the car was moving at an excessive rate of speed, or that the motorman had any reason to anticipate that, in face of a car so near at hand, the deceased would hug the track with his bicycle so closely as to get in its way.

The plaintiff's motion for a new trial is dismissed because the defendant's motorman was not shown to be negligent and because the deceased was guilty of contributory negligence.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*W. Horace Hepburn, Jr.,* with him *Earle Hepburn,* for appellant

*Harold B. Beitler,* for appellee.

Per Curiam, March 6, 1916:

This judgment is affirmed on the opinion of the learned court below overruling the plaintiff's motion for a new trial.