## Buccilli, Appellant, *v.* Shanahan et al.

*Negligence—Automobiles—Motor truck colliding with a person alighting from standing truck—City street—Evidence—Proximate cause—Two causes of accident—Contributory negligence.*

1. In an action for damages for death of plaintiff's husband caused by being struck by a passing motor truck when he was in

the act of alighting from a motor truck upon which he was riding, a nonsuit is properly granted on the ground of failure to prove negligence on part of defendant where it appears that the accident happened upon a much traveled city thoroughfare, that when the truck, upon which plaintiff's decedent was riding, drew toward the curb between cross streets, he stepped off it backwards from the front seat of the truck into the traveled cartway at a point where there was no crossing, and was immediately struck by defendant's truck, that no one saw him struck, and that the only witness called by plaintiff, who was the driver of the truck on which decedent was riding, was unable to tell whether decedent was hit by the front of defendant's truck or the side, or whether the truck ran into decedent, or he into the truck.

2. In such a case the lower court might well have added that the contributory negligence of the deceased barred a recovery.

Argued January 14, 1920. Appeal, No. 176, Jan. T., 1920, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1917, No. 3188, refusing to take off nonsuit in case of Mary Buccilli v. Timothy Shanahan and Timothy Shanahan, Jr., Copartners, trading as T. Shanahan, Jr. Before Brown, C. J., Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Finletter, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*Peter M. MacLaren,* for appellant, cited: Anderson v. Wood, 264 Pa. 98; Maynard v. Barrett, 261 Pa. 378; Lewis v. Wood, 247 Pa. 545.

*Harry S. Ambler, Jr.,* for appellee, was not heard.

Per Curiam, February 2, 1920:

On October 1, 1917, the husband of the appellant rode up Broad street, in the City of Philadelphia, on a truck,

sitting on the left side of the front seat.  On approaching an intersecting street the truck was stopped on the east curb of Broad street; he stepped off it backwards and was immediately struck by defendant's truck moving northward, sustaining injuries which resulted in his death the following day.  In the action brought by his widow, a nonsuit was granted on the ground of the failure to prove negligence on the part of the defendant.  In refusing to take it off, the learned member of the court below, speaking for it, said: "The [husband of] plaintiff had been riding up Broad street on the front seat of a truck.  On reaching Fitzwater street the truck on which he was riding drew to the east curb beyond the Fitzwater street crossing.  The [husband of] plaintiff stepped off backwards from the front seat of his truck and was immediately struck by the defendant's truck.  No one saw him struck, and the only witness called by the plaintiff, who was the driver of the truck on which the plaintiff's decedent had been riding, was unable to tell whether the deceased was hit by the front of defendant's truck or the side; in other words, whether the truck ran into decedent, or he into the truck.  Inasmuch as he stepped off backward, and was immediately struck, his body lying after the accident alongside of the left front wheel of the truck from which he stepped, only a few inches from where he left the truck, either of the theories is as likely as the other.  But neither shows any negligence by the driver of the defendant's truck.  It is plain that the decedent's sudden descent from the standing vehicle directly in the path of the defendant's truck gave the latter no opportunity to avoid a collision, either by stopping or turning aside.  The place of the accident was not at a crossing, but between streets, and the method of decedent in leaving the vehicle unusual.  Instead of getting off upon the footway, alongside of which his car stood, he jumped off on the cartway side, where drivers of other vehicles would not be likely to anticipate the sudden appearance of foot

passengers." The view thus expressed was undoubtedly correct: Stahl v. Sollenberger, 246 Pa. 525; Stubbs v. Edwards, 260 Pa. 75; Warruna v. Dick, 261 Pa. 602.

The court might well have added that the contributory negligence of the deceased barred a recovery.

Judgment affirmed.