# Flynn v. Moore, Appellant.

*Negligence—Automobiles—Pedestrians—Running over—Case for jury.*

In an action of trespass to recover damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained, where the issue is one of fact as to the manner in which the automobile of the defendant was operated at a street intersection at the time of the accident.

*Negligence—Automobiles—Charge of court.*

In such case it is error to instruct the jury that if the driver "neglects to operate his machine so as to avoid striking a pedestrian it is for the jury to determine whether he operated the machine with due care."

It is not the law that a driver at night is responsible for every collision with a pedestrian; the collision may be the result of contributory negligence of the pedestrian; it may be an accident for which neither is responsible; although, of course, a driver is liable if the collision results from his failure to operate with the care required by the circumstances and if the plaintiff is not negligent.

The doctrine of comparative negligence is not recognized in Pennsylvania, unless applying the federal statute. Any negligence on the part of the plaintiff that contributes to his injury defeats his action. There can be no balancing or matching of degrees of negligence.

Argued April 15, 1926. Appeal No. 12, April T., 1926, by defendant, from judgment of C. P. Lawrence County, March T., 1922, No. 84, in the case of Mary

Flynn v. Lloyd Moore. Before PORTER, P. J., HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUN-
NINGHAM, JJ.   Reversed.

Trespass to recover damages for personal injuries.
Before EMERY, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $650 and judg-
ment thereon.   Defendant appealed.

*Errors assigned* were the charge of the court, as re-
ferred to in the opinion of the Superior Court, and re-
fusal of defendant's motion for judgment non obstante
veredicto.

*Clyde Gibson,* of *Gibson & White,* and with him
*Hugus & Caldwell,* for appellant, cited: Flanigan v.
McLean, 267 Pa. 553; McAvoy v. Kromer, et al., 277
Pa. 196; Leslie v. Catanzaro, 272 Pa. 419; Wm. Matti-
more v. City of Erie, 144 Pa. 14; The Oil City Fuel
Supply Company v. William Boundy, 122 Pa. 449;
Weir v. Haverford Electric Light Co., 221 Pa. 611.

*M. J. Kraus,* and with him *A. Martin Graham* and
*Charles Matthews, Jr.,* for appellee, cited: Healey v.
Shedaker, 264 R. S. 512; Lewis v. Woods, 247 Pa. 545;
Oelrich v. Kent, 259 Pa. 407; Mackim v. Patterson, 270
Pa. 107.

OPINION BY LINN, J., July 8, 1926:

Defendant appeals from judgment on a verdict in a
suit for personal injuries.   Between 7 and 8 o'clock
on a rainy evening, December 4, 1920, defendant was
driving a car southward on Jefferson Street in the
City of New Castle.   While crossing North Street,
and apparently as he passed the line of the southern

footway crossing, he, for the first time, realized that he had .collided with some object; he had struck the plaintiff, who, unconscious, 'was lying some ,short distance behind his car. There is evidence that before plaintiff started to cross the street and also while crossing, she looked for approaching vehicles in the direction from which the defendant came but saw none. There was a conflict in the evidence as to whether he sounded his horn for the North Street crossing, or whether the only warning given was for Falls Street crossing—the street next above North Street. Defendant testified that though his lights were lighted, he did not see anyone crossing in front of him. In the circumstances so described, the duty of determining whether he made the street crossing and approached the south footway crossing with due regard for the rights of pedestrians who might be using it, was for the jury: Healy v. Shedaker, 264 Pa. 512; Mackin v. Patterson, 270 Pa. 107.

But there was reversible error in affirming plaintiff's second point for charge,—as follows: "The driver of an automobile at night is bound to greater care than in the daytime, because of the inability of pedestrians to see his approach, and if he neglects to operate his machine so as to avoid striking a, pedestrian it is for the jury to determine whether he operated the machine with due care." We. understand the word "neglects" in that point to mean omits. It is not the law that a driver at night is responsible for every collision with a pedestrian; the collision may be the result of the contributory negligence of the pedestrian; it may be an accident for which neither is responsible; of course a driver is liable if the collision results from his failure to operate with the care required by the circumstances and if the plaintiff is not negligent.

As the case goes back for retrial, we note that

there is some basis for appellant's complaint that the charge on the subject of contributory negligence was perhaps confusing to the jury; we need not discuss it in detail; it is sufficient to call attention to the rule: "The doctrine of comparative negligence has not been recognized in our State; [unless applying the federal statute: Waina v. Penna. Co., 251 Pa. 213]; any negligence on the part of a plaintiff that contributes to,.......his injury defeats his action.

There can be no balancing or matching of degrees of negligence. This has been held so rigidly that in Monongahela City v. Fischer, 111 Pa. 9; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449, and Mattimore v. Erie City, 144 Pa. 14, the judgments were reversed because of the use of the word 'material' to qualify the degree of plaintiff's negligence": Weir v. Haverford Elec. Light Co., 221 Pa. 611, 617.

Judgment reversed and a new trial awarded.