## Goff *v.* College Hill Borough et al.

Argued October 7, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Samuel Pringle,* with him *Dalzell, Dalzell & McFall,* for appellant.—The testimony of plaintiff himself, together with that of the other witnesses, considered in the light of the physical facts and circumstances surrounding the accident convicts plaintiff of contributory negligence: Weaver v. Pickering, 279 Pa. 214; Buccilli v. Shanahan, 266 Pa. 342; Watson v. Lit Brothers, 288 Pa. 175.

*Thompson Bradshaw,* with him *Sam B. Wilson,* for appellee.

*Charles F. Patterson,* for College Hill Borough.

OPINION BY MR. JUSTICE WALLING, February 5, 1930:
Seventh Avenue, a wide and much traveled street, extends through the populous Borough of Beaver Falls in a northerly and southerly direction. It is a wide avenue and from Twentieth Street north has a grassplot in the center with a twenty-two feet paved cartway on either side, that to the east being northbound. There are, of course, sidewalks on each side of the avenue and Mrs. Carnagie has a store on the east side, a short distance north of Twentieth Street. On the early afternoon of October 11, 1926, Henry W. Goff, the plaintiff, a traveling salesman for a candy company, parked his Ford coupé in front of the store, headed north, and alighted therefrom. Soon thereafter, at the request of street sweepers, he reëntered his car and moved it back ten or twelve feet, near where another Ford coupé was parked. Goff had some sample cases in the right side of the coupé, because of which he entered and alighted therefrom on the left, the street side. While Goff was so moving his coupé, a large autotruck, owned by College Hill, the defendant borough, and loaded with ashes for use on its streets, was driven north in Seventh Avenue followed by a Studebaker car driven by the wife of

the defendant, Frank W. Bowers. The truck was seven feet wide and, being driven along the center of the north-bound cartway, left a space of approximately seven feet between it and the curb at the grassplot. As the truck and the Studebaker proceeded north of Twentieth Street, Mrs. Bowers attempted to pass the truck and her right fender collided with the hub of the truck's left front wheel, causing its driver to lose control of the steering wheel, so the truck turned suddenly to the right, where, before landing against a tree, it struck plaintiff's coupé and pushed it onto the sidewalk. At this moment plaintiff, having moved his coupé, as above stated, was attempting to alight in the cartway with one foot on the running board and the other on or near the ground, so that his foot was caught and seriously injured between his car and the truck. The latter had come along the street at the rate of about twelve miles an hour and the Studebaker, when attempting to pass, was, of course, moving with greater speed. Goff, a very large man and familiar with the street, was alighting from his car without looking for approaching traffic and did not see either the truck or the Studebaker until the instant he was struck. Had he glanced to the south he would have seen the near approach of the large truck, so close in line with the left side of his car as to leave a clearance of not more than two feet. The jury found against both defendants, they having been jointly sued. Later, the trial court entered judgment against Bowers but in favor of the defendant borough non obstante veredicto. Bowers appealed from the judgment entered against him and plaintiff appealed from the judgment entered in favor of the borough.

In our opinion plaintiff was guilty of such contributory negligence as to bar a recovery against either defendant. As the motor traffic upon paved streets is becoming more extensive, the duty of a party to look before entering a cartway becomes more important. We have never departed from the rule stated in Harris v.

Commercial Ice Co., 153 Pa. 278, that one who steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked cannot recover. See also Robb v. Connellsville Boro., 137 Pa. 42. While in Weaver v. Pickering, 279 Pa. 214, we held that to step into the cartway of a two-way city street, without looking in both directions, is such contributory negligence as to prevent a recovery. An instruction which relieves a party from his duty to look before passing over a street is erroneous: Kauffman v. Nelson, 225 Pa. 174. While Alexander v. American Express Co., 258 Pa. 378, holds that one who is injured, while crossing a street, by a vehicle which he could have seen and avoided had he looked, is guilty of contributory negligence. A pedestrian must have due regard to the condition of traffic before entering upon the cartway: Gavin v. P. R. T. Co., 271 Pa. 73. One who steps from a vehicle into the cartway of a busy street regardless of the condition of approaching traffic therein is negligent. See Buccilli v. Shanahan et al., 266 Pa. 342. In Smith v. P. R. T. Co., 252 Pa. 435, the deceased was adjudged guilty of contributory negligence in riding a bicycle so close to the street car track that his handle bar was struck by a passing trolley car which he could have seen as it approached. What plaintiff did in the present case was not to step from the curb into the cartway but to step therein from the street side of his car. The latter occupied practically six feet of the cartway and he, a very large man, stepping down therein and turning around, would occupy about two feet more. So he placed himself in a position where he was over one-third across the driveway. We do not doubt his right to alight from his car into the street, but before doing so it was his duty to look for approaching vehicles. Here, plaintiff could have seen the near approach of the large truck, coming along so close as to clear his car by only two feet, and stepping down so near in its path was negligence. Had a steam car or a trolley car

been passing within two feet of plaintiff's standing car, no one would suggest that his stepping into that space would not be negligence, yet a heavy truck is equally dangerous. Placing so large a man in so small a space with a passing truck was manifestly dangerous; a slight misstep by him or veering of the truck might cause his serious injury or death. We base nothing on the fact that the Studebaker was also passing, for possibly it was hid from his view by the truck; but what the proven facts show a pedestrian must have seen had he looked, the court is bound to declare: Watson v. Lit Brothers, 288 Pa. 175.

Plaintiff's car was not overturned, nor its seat hit, so had he remained therein he would in all probability have escaped injury and certainly the foot injury here complained of would not have occurred. Hence, stepping into the street was a contributing cause of such injury. Even slight contributory negligence will defeat recovery: Monongahela City v. Fischer, 111 Pa. 9; The Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Weir v. Haverford Electric Light Co., 221 Pa. 611; Flynn v. Moore, 88 Pa. Superior Ct. 361.

Reisinger v. McConnell, 265 Pa. 565, is not applicable here, for there the car was being repaired by plaintiff in front of a garage, outside the line of travel.

Furthermore, while we do not so declare as matter of law, it is probable that no accident would have occurred except for plaintiff's unfortunate act of stepping into the cartway as the truck approached. Mrs. Bowers was rashly attempting to pass it in an open space of about seven feet and she testified the truck so turned toward her that its front hub came in contact with her fender. Jones, the driver of the truck, said, in effect, that he did not know Mrs. Bowers was attempting to pass him; that he saw the two cars parked on his right and saw Goff getting out of his car, and was paying attention to him as he thought the danger was there and, while denying he turned into the Studebaker, says he turned over to

the left a very little and kept straight on. In attempting to pass through the narrow space, the Studebaker was only a few inches from the truck and this slight turn toward it to avoid Goff more than likely caused the contact and accident, although one or more witnesses said the truck kept a straight course until contact with the Studebaker. It is patent here that neither intentionally collided with the other. That the Studebaker cleared the rear and came in contact with the front hub of the truck shows that at least one vehicle was deviating from a straight, parallel course. Mrs. Bowers would not naturally veer toward the truck which she saw, while its driver, not sensing her presence, would instinctively bear to the left to give Goff, whom he did see, more clearance. In our view of the case, it is not necessary to consider the other very interesting questions suggested in the record.

The judgment entered for the defendant Borough of College Hill, non obstante veredicto, is affirmed and the judgment entered for the plaintiff and against the defendant, Frank W. Bowers, is reversed and here entered for the defendant, non obstante veredicto.