Peiffer et al., Appellants, v. Kreider.

Argued October 24, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Eugene D. Siegrist,* and with him *Harry J. Schools,* for appellants.

*C. D. Becker* of *Becker & Ehrgood,* for appellee.

PER CURIAM, December 16, 1933:

The plaintiffs' decedent while walking was struck by an automobile owned and operated by the defendant. The only liability for the death of the pedestrian that could be attached to the defendant is that "he was negligent in his failure to see the deceased until he hit him." We do not think the testimony is sufficient to support such conclusion, but even if it were, we think the decedent was guilty of contributory negligence. We quote further from the opinion of the lower court who entered judgment in favor of the defendant:

"The speed of the defendant was not excessive

where as here there was no other traffic and not a congested or built-up community. There was a heavy down grade on which no car could be stopped on the instant when running at a reasonable speed and the positive evidence is that when the deceased started to cross the road the defendant sounded his horn and swerved his car in an attempt to avoid the accident. The positive evidence also is that the deceased started to cross the highway when the automobile was within a few feet of him, and that he looked before starting to cross and that his view was clear and unobstructed for a distance of 550 feet. Under this testimony the proximate cause of the injury to and death of Harvey Peiffer was his suddenly walking into the path of the approaching car of the defendant and in doing this he was chargeable with contributory negligence as a matter of law which precludes any recovery for his death.''

We may also observe that the deceased was walking in the gutter on the right side of the road immediately before he was struck. The line of traffic was going in the same direction as he was and a direct view of the oncoming car of the defendant was not afforded to him unless he turned before entering the roadbed: Skodis et ux. v. Phila. R. T. Co., 103 Pa. Superior Ct. 533, 158 A. 587. One witness testified that he looked both ways before he proceeded to cross. If he had looked, the accident would not have happened, for there was, as the lower court states, a clear unobstructed view in the direction from which the defendant's car was coming.

The judgment of the lower court is affirmed.