**VALANDA v. BAUM & REISSMAN, Inc.,
et al. (two cases).
Nos. 7325, 7326.**

Circuit Court of Appeals, Third Circuit.
June 27, 1940.

Walter W. Harris and O'Malley, Hill, Harris & Harris, all of Scranton, Pa., for appellants.

Raymond Bialkowski and Bialkowski, Bialkowski & Bialkowski, all of Scranton, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

On May 15, 1939, at about one o'clock in the afternoon of a sunny day Edward Valanda, the minor plaintiff, was driving his Whippet roadster, with its top down, on a concrete state highway in an outlying unbuilt-up portion of the Borough of Dunmore, Lackawanna County, Pennsylvania. The individual defendant, Max Reissman, was driving a car belonging to the corporate defendant, Baum & Reissman, Inc., on the same highway in the same direction at a distance of from 200 to 400 feet behind Valanda's car. The concrete portion of the highway was 20 feet wide and there was a 12 feet wide shoulder on the right, three feet of which were smooth and the remainder under construction and covered with rough stones. Both cars were approaching a curve to the right.

Valanda had been having trouble with his motor and because of this, while proceeding at about 10 miles per hour, he was compelled to go off the concrete onto the shoulder and after going about 100 feet he stopped at a point where his right wheels were on the shoulder and his left wheels extended about one foot on the concrete. At that time Reissman's car was coming up behind at a speed of 25 to 30 miles per hour. After Valanda stopped his car and when about to open its left door (which was hinged at the front) preparatory to getting out, he looked back and saw Reissman's car approaching on his side of the highway at a distance which he estimated to be 400 or 500 feet away. Without looking again or paying any further attention to Reissman's car which he knew was coming up behind him, Valanda got out of the left side of his car, left leg first, and had "just nicely stepped off the running board" onto the pavement, as he testified, when he was struck by the Reissman car. He was violently pushed against the open door of his own parked car and seriously injured. The open door was ripped off but his car was not otherwise damaged.

Valanda and his father brought suit in the District Court for the Middle District of Pennsylvania against the defendants in an action of negligence to recover damages for the personal injuries and property damage thus suffered. The district judge refused the defendants' motion for a directed verdict and submitted the case to the jury, which returned verdicts in favor of the plaintiffs upon which judgments were en-

tered. The defendants' motions to set aside the verdicts and judgments and to enter judgment for the defendants in accordance with their motion for a directed verdict were refused. These appeals followed. They raise the question whether the district judge erred in submitting the case to the jury.

The testimony of the minor plaintiff established that after seeing Reissman's car approaching he "paid no attention to it" but took twelve seconds to open the door and back out of his car onto the highway where he was immediately struck by Reissman's car. We think that by this testimony he convicted himself of contributory negligence and that the district judge erred in refusing to so declare as a matter of law.

In Goff v. College Hill Borough, 299 Pa. 343, 149 A. 477, a case quite similar on its facts to the present one, the Supreme Court of Pennsylvania held that one who backs out of a parked vehicle into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked, is guilty of negligence. To the same effect is Buccilli v. Shanahan, 266 Pa. 342, 109 A. 634. The duty to look rests at all times upon everyone in the use of city streets. Dando v. Brobst, 318 Pa. 325, 177 A. 831. The duty is equally imperative upon one who enters upon a paved state highway over which motor vehicles are being operated at the high speeds now permitted by law. Koppenhaver v. Swab, 316 Pa. 207, 174 A. 393; Peiffer v. Kreider, 111 Pa.Super. 30, 169 A. 399.

In the present case the fact that Valanda knew the car was approaching does not help him since he failed to keep it in his sight as he alighted. On the contrary his knowledge that it was coming up behind him stamps his subsequent actions as all the more grossly negligent. One who knows that a vehicle is approaching from behind on his side of the road and nevertheless chooses to ignore it and deliberately steps into its possible path is foolhardy indeed.

In view of our conclusion as to the minor plaintiff's contributory negligence we need not discuss the question of the defendant Reissman's negligence. We accordingly confine ourselves to stating that in our opinion there was sufficient evidence on this question to have required its submission to the jury had the minor plaintiff not shown himself guilty of contributory negligence.

The judgments of the district court are reversed and the causes are remanded with directions to set aside the verdicts and enter judgment for the defendants in accordance with their motion for a directed verdict.