## Heath v. Klosterman, Appellant.

Argued October 2, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Francis A. Wolf,* with him *Leo A. Nunnink,* for appellant.

*Joseph M. McClure,* with him *W. C. McClure,* for appellee.

OPINION BY MR. JUSTICE DREW, November 24, 1941:

This is an action in trespass by Minnie G. Heath, the widow of Doctor Robert M. Heath, to recover damages for the death of her husband which she alleged was caused by the negligence of a truck driver of defendant, Thomas Klosterman. At the trial, a verdict for $6,000 was returned in her favor, and after defendant's motions for a new trial and for judgment n. o. v. were overruled,

judgment was entered on the verdict and defendant appealed.

We need consider only the action of the learned court below in overruling the motion for judgment n. o. v. In doing so, we shall, as we are required to do, view the testimony in the light most advantageous to plaintiff, giving to her the benefit of every inference that might reasonably be deduced from the evidence, and resolving all conflicts in her favor.

When so considered, the facts of the case are these: The accident happened in broad daylight on April 21, 1939, at 10:45 A. M., immediately in front of Doctor Heath's residence on the Saw Mill Run Boulevard, in the City of Pittsburgh. The house was on the right side of the highway leading toward the downtown section of the city, and the doctor's automobile, headed in the same direction, was then parked in front of his home. Doctor Heath was in the act of alighting from its left front door or had just stepped down upon the road, when he was struck by a truck owned and operated by one Charles R. Martin. According to Martin, who was the only eye witness produced by plaintiff, the door of the car suddenly swung open and the doctor stepped out when the truck was almost up to the rear wheel of his automobile, and he was struck almost instantly. Martin said he was then driving at approximately twenty miles an hour. The truck of defendant did not come in contact with Doctor Heath. It was passing Martin's truck, on its left side, at the time of the accident, and Martin said it cut in on him before it had successfully passed, and that the rear right wheel of defendant's truck struck the front left wheel of his truck, forcing it over and against Doctor Heath. Martin admitted that he quickly turned to the left immediately on seeing Doctor Heath in front of his truck, and but five or ten feet from him, in an effort to afford more space within which to pass him.

Since plaintiff produced no evidence, as to the manner in which the accident happened, other than the testi-

mony of Martin, her case must necessarily be based entirely on his account of the accident. He testified ". . . and when I got almost up to the rear wheel of Doctor Heath's car, . . . the door swung open in front of me and he stepped out, and when I saw him he had his two feet on the ground already and he had one hand up on the door . . ." Again, he said: "He swung the door open in front of me and got out of his car, and—well, it happened so quick— . . . the last I remember of it, he had this one hand, his left hand, on the door, and he must have gave that door a slam shut and tried to get out of the road of the truck . . ." He said further that Doctor Heath appeared suddenly in his path, that the front wheels of his truck were possibly anywhere from five to ten feet back of the doctor's car at that time, and that when he saw Doctor Heath there in front of him he quickly turned his truck to the left, "the only natural thing to do when you see a man come out in front of you".

The testimony leads to the inevitable conclusion that the real cause of this unfortunate accident was the heedless act of Doctor Heath himself. As shown by positive proof produced by plaintiff, the door of his car was suddenly pushed open and he stepped into the roadway of this much-travelled boulevard without thought or care of traffic. The Martin truck was almost upon him at that moment and he was struck almost instantaneously. Had he only looked before leaving his car in this manner, he would have seen the two trucks and he could have avoided the accident. Where a person steps into a position of danger in the street, and is immediately struck by a passing vehicle, which he could have seen had he looked, he is barred from recovery by his own negligence: *Covaleskie v. Schimpf,* 322 Pa. 65; *Dando v. Brobst,* 318 Pa. 325; *Watson v. Lit Brothers,* 288 Pa. 175. Even though Doctor Heath is dead and ordinarily a presumption might arise that he exercised due care, this presumption is destroyed in the instant case by the testimony adduced by plaintiff. As held in *Watkins v. Prudential Ins. Co.,*

315 Pa. 497, a presumption such as this is not evidence, and it cannot be weighed as evidence, since it gives way the moment proof to the contrary is presented. This conclusively appeared in the presentation of plaintiff's own case, for the evidence established that Doctor Heath did not look. Moreover, the accident having happened in broad daylight, he must have seen the trucks had he looked before stepping out. There can be no presumption as against facts which are proven. In *Stark v. Fullerton T. Co.,* 318 Pa. 541, 544, it was said: "It may be conceded that ordinarily decedent's death would raise a presumption that he had taken all necessary precautions for his own safety, but this presumption has no existence as against the certainty that if he had done so here he would not then have died."

We are forced to conclude that Doctor Heath was guilty of contributory negligence as a matter of law. It was said by us in *Goff v. College Hill Borough,* 299 Pa. 343, 345: "As the motor traffic upon paved streets is becoming more extensive, the duty of a party to look before entering a cartway becomes more important. We have never departed from the rule stated in Harris v. Commercial Ice Co., 153 Pa. 278, that one who steps into a busy street and is immediately struck by a passing vehicle which he could have seen had he looked cannot recover." What Doctor Heath did in the instant case was not to step from the curb into the cartway, but to step therein from the street side of his automobile, totally oblivious of traffic then approaching him. By so doing, he placed himself in a position where he was almost halfway to the center line of the boulevard and almost directly in the path of Martin's truck which was less than fifteen feet from him and travelling at a speed of about twenty miles an hour. Thus, there could only have been a split-second interval between the instant the doctor started to enter the cartway and the happening of the accident. While a person has a right to alight from his automobile onto the cartway, it is his duty to look and

continue to look for approaching traffic when doing so. He must exercise reasonable care under the circumstances. For a person to place himself suddenly in the cartway of a busy highway, with oncoming traffic close by, where a false step by him or a slight deviation of the course of a vehicle might cause his serious injury or death, constitutes conduct that can only be regarded as being grossly careless and negligent: *Goff v. College Hill Borough,* supra. Unquestionably the conduct of Doctor Heath contributed materially to the accident and, therefore, we are bound to enter judgment for defendant.

Judgment reversed and here entered for defendant.