Halkias et al., Appellants, *v.* Lakjer.

Argued December 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Horace Hepburn, Jr.,* for appellants.

*Howard R. Detweiler,* with him *Frank R. Ambler,* for appellee.

OPINION BY MR. JUSTICE JONES, January 6, 1947:

These appeals by the plaintiffs are from judgments for the defendant entered respectively in separate suits

instituted by the plaintiffs for the recovery of damages for personal injuries suffered by them in the same accident through the alleged negligence of the common defendant. The cases were tried together and resulted in verdicts for the plaintiffs. Neither the extent of the plaintiffs' injuries nor the amounts of the verdicts were questioned. No motions for new trial were filed. However, the court below, on suitable motions, entered judgments n. o. v. for the defendant on the ground that the plaintiffs were guilty of contributory negligence as a matter of law. Whether the action so taken was justified under the evidence in the cases is the one question involved on the present appeals. In the situation so obtaining, that question is, of course, to be determined on the basis of the proven facts and all reasonable inferences to be derived therefrom which go to support the verdicts as returned by the jury: *Zurcher v. Pittsburgh Railways Company*, 353 Pa. 212, 213-214, 44 A. 2d 581. Concededly, the question of the defendant's negligence was a matter for the jury.

About 6:30 P.M. on January 2, 1945, it then being dark, Zacharias Z. Caffoutis and Steve Halkias, the plaintiffs, with another companion, walked south on the sidewalk along the west side of 59th Street in Philadelphia to Spruce Street, intending to cross Spruce Street for the purpose of taking an east or in-bound trolley car at the southwest corner of that right-angled street intersection. Spruce is a relatively wide street, having room upon its surface for a double set of streetcar tracks and a cartway on either side between the respective outside rails of the tracks and the adjacent curbs. There was no traffic light at the intersection. When the plaintiffs reached the curb on the north side of Spruce Street they looked in all directions before starting to cross. No traffic was in sight, coming either way on Spruce Street, but the plaintiffs did see three automobiles in line, one after the other, proceeding north on 59th Street across Spruce, i. e., in the exactly opposite direction to the plaintiff's line of travel on 59th

Street. When the second of the three cars going north on 59th Street (a Yellow taxicab) had about reached the middle of Spruce Street, the plaintiffs, still not seeing any approaching vehicles on Spruce Street, entered upon the crossing of that street. Continuing to look for oncoming traffic as they advanced, they took four or five steps for a distance of seven or eight feet from the curb and were then struck by the defendant's automobile which, travelling west on Spruce Street, had come through a gap in the line of automobiles going north on 59th Street or from behind that traffic after it had, or had nearly, cleared Spruce Street.

The defendant offered no evidence, but a policeman, who took the defendant's written statement shortly after the accident, reported him as having stated that, when he reached the 59th Street intersection on his way west on Spruce Street, he slowed down to allow a taxicab, which had come east on Spruce Street to pass in front of him, in the course of making a lefthand turn from off Spruce Street to the north on 59th Street, and that the defendant did not see the plaintiffs until he had come from behind the taxicab when they at once appeared to be five to ten feet in front of his automobile, too late, evidently, for him to avoid striking them. As already indicated, we are not concerned with the defendant's negligence which is not involved on these appeals. But, what the defendant admits having done is not without relevancy to a correct appreciation of the situation which suddenly confronted the plaintiffs while they were out in the street upon the crossing.

In concluding that the appellants were guilty of contributory negligence as a matter of law, the learned court below applied a rule that, plainly, is not germane to the factual situation testified to by the plaintiffs. The cases cited and relied upon by the court below are applicable to circumstances importantly different from the present: see *Heath v. Klosterman*, 343 Pa. 501, 23 A. 2d 209; *Dando v. Brobst*, 318 Pa. 325, 177 A. 831; *Goff v. College Hill Borough*, 299 Pa. 343, 149 A. 477. In the

instant cases, the striking of the plaintiffs by the defendant's automobile was not so immediate upon their entering on the street-crossing as to furnish a legally conclusive inference that, before the plaintiffs stepped down from the curb, they either saw or should have seen the threatened danger from the moving car which struck them shortly thereafter.

It is to be borne in mind that there was no automobile in sight, travelling longitudinally on Spruce Street, when the plaintiffs began their crossing. They so testified, and their testimony to that effect was credible in the circumstances; it was not impeached by the physical facts; and was necessarily for the jury. The plaintiffs' version of what occurred clearly indicates that the defendant's car was hidden from their view by the line of automobiles then crossing Spruce Street in direction opposite to the plaintiffs' course. The statement of the defendant, himself, reciprocally confirms that his automobile must have been hidden from the plaintiffs' view at the same time that they were hidden from his view. According to the defendant's admission to the attending policeman, he did not see the plaintiffs on the crossing until he had come out from behind the "left turning" taxicab, and the plaintiffs were then five to ten feet in front of him. Although the taxicab so mentioned would not seem, at first blush, to be the one whereof the plaintiffs testified, nonetheless the defendant's statement concedes that his vision of the street-crossing immediately ahead in his line of continued travel was for a time barred by a taxicab within the intersection of 59th and Spruce Streets just before he struck the plaintiffs. Indeed, the jury could justifiably have found that the obscuring taxicab was in fact the "Yellow" taxicab to the presence whereof in the intersection the plaintiffs testified. According to the plaintiffs' testimony, which the jury presumably accredited, there was no vehicle travelling east on Spruce Street and, therefore, none to make the lefthand turn described by the defendant.

Any question as to the plaintiffs' guilt of contributory negligence in attempting to cross Spruce Street in the circumstances shown was clearly for the jury. See *Rosenthal v. Philadelphia Phonograph Co.,* 274 Pa. 236, 239, 117 A. 790; *Jacobson v. Palma,* 115 Pa. Superior Ct. 401, 404, 175 A. 731. And so was the question as to the extent of the care they exercised while crossing. It is, of course, true that a pedestrian must continue to look out for his own safety as he proceeds across a street: *Guy v. Lane,* 345 Pa. 40, 43, 26 A. 2d 327. But, once properly committed to the crossing, the care which the plaintiffs thereafter exercised in proceeding, under necessarily varying conditions, was essentially a question of fact for a jury to determine: *Atkinson v. Coskey,* 354 Pa. 297, 307, 47 A. 2d 156; *Pensak v. Peerless Oil Company,* 311 Pa. 207, 209, 166 A. 792. In no event can any fault on the part of the plaintiffs be deemed so factually conclusive as to justify a court in declaring them guilty of contributory negligence as a matter of law: cf. *Tancredi v. M. Buten & Sons,* 350 Pa. 35, 41, 38 A. 2d 55.

The judgments of the court below are reversed with directions that judgments be entered on the jury's verdicts.