# Lukaszewicz *v.* Pittsburgh Railways Company, Appellant.

Submitted April 18, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*D. H. McConnell,* for appellant, submitted a brief.

*Charles C. Arensberg, Paul G. Sullivan* and *Patterson, Crawford, Arensberg & Dunn,* for appellee, submitted a brief.

OPINION BY MR. CHIEF JUSTICE DREW, May 22, 1950:
Plaintiff, a truck driver, sued to recover damages for injuries he sustained when defendant's street car collided with the rear of his parked truck and pinned him

between the truck and an automobile parked ahead of it. A jury returned a verdict in favor of plaintiff in the sum of $12,500.00 and judgment was entered thereon subsequent to a dismissal of defendant's motion for judgment n. o. v. This appeal followed.

The collision occurred in the 5200 block of Center Avenue in the City of Pittsburgh at approximately 6:30 o'clock in the evening of January 31, 1947. Center Avenue, at the scene of the accident, is a straight, two-way thoroughfare, running generally east and west and having upon it a double set of car tracks. In parking his truck on the north side of Center Avenue in front of the residence at 5219, plaintiff was obliged, because of an obstruction on the pavement, to leave it in such a position that the rear of the truck extended a few feet over the nearby westbound street car tracks. Preparatory to leaving the cab of his truck, plaintiff looked in his rear view mirror for an indication of the approach of any westbound traffic. Nothing was visible in that lane for a distance of two or three blocks behind him. He descended into the street, walked six feet to the front of his truck, and, without again looking behind him, turned to his right and proceeded to cross ahead of the truck to the north curb of Center Avenue. Defendant's street car struck the rear of the truck when plaintiff was in a position midway between its headlights and drove the truck forward pinching plaintiff between its front bumper and the rear of the automobile parked directly ahead of it.

Defendant contends that the time plaintiff consumed in walking from the cab of the truck to a position in front of it was of such a short duration that it can properly be said that he was struck immediately after stepping into the street and therefore is contributorily negligent as a matter of law. He calls our attention to *Heath v. Klosterman*, 343 Pa. 501, 23 A. 2d 209, in which case the deceased, who had stepped out of a parked car into

the cartway directly in front of a moving truck, which was then only five or ten feet away from him, was hit by it before he could escape. In holding deceased contributorily negligent this Court said by way of summation (p. 504) : "Thus, there could only have been a split-second interval between the instant the doctor started to enter the cartway and the happening of the accident. . . . Unquestionably the conduct of Doctor Heath contributed materially to the accident and, therefore, we are bound to enter judgment for defendant." In the instant case, however, plaintiff, after a glance in the mirror, had to climb down from the driver's cab, walk approximately six feet, turn towards the curb and walk another two or three feet before he was struck. The facts are clearly different from those in *Heath v. Klosterman,* supra, and we cannot agree with defendant that they preclude plaintiff from saying that he did not see the advancing streetcar. The issue raised is similar to that ruled upon by this Court in *Halkias v. Lakjer,* 355 Pa. 422, 50 A. 2d 286. There plaintiffs had advanced seven or eight feet into the street before being struck by an automobile which had been obscured from their view, at the time they entered the crossing, by traffic passing at a right angle to them. In sustaining plaintiffs, the Court said, (p. 424) : "In concluding that the appellants were guilty of contributory negligence as a matter of law, the learned court below applied a rule that, plainly, is not germane to the factual situation testified to by the plaintiffs. The cases cited and relied upon by the court below are applicable to circumstances importantly different from the present: see Heath v. Klosterman, 343 Pa. 501 . . . In the instant cases, the striking of the plaintiffs by the defendant's automobile was not so immediate upon their entering on the street-crossing as to furnish a legally conclusive inference that, before the plaintiffs stepped down from the curb, they either saw or should have seen the threatened danger from the

moving car which struck them shortly thereafter. . . . Any question as to the plaintiffs' guilt of contributory negligence in attempting to cross Spruce Street in the circumstances shown was clearly for the jury.''

Nor was plaintiff negligent in parking as he did in the only available space convenient to his customer's residence, provided he did so in a reasonable manner. For, although defendant's right to use the track was superior to that of plaintiff to occupy it, nevertheless he was not prohibited from using it temporarily for a legal purpose. *Fenner v. Traction Co.*, 202 Pa. 365, 51 A. 1034. Having so parked plaintiff was not required, in making a choice as to how best he might safely reach the curb, to anticipate that defendant's operator would negligently attempt to pass the truck when it was evident that he could not clear it. Glass reflectors and red lights which had been left burning when the truck was parked were mounted on the rear of the truck and indicated its location to the streetcar motorman. The reasonableness of plaintiff's action under all the circumstances was clearly debatable and was properly submitted to the jury.

Judgment affirmed.